STATE EX REL. COLUMBIA CONSTRUCTION COMPANY, Respondent, vs. TAX COMMISSION OF WISCONSIN, Appellant.

*November 15—December 4, 1917.*

*Income taxation: Exemptions: Dividends: When income of corporation has been "assessed."*

1. In sub. (e), sec. 1087m—3, Stats. (exempting dividends received from stocks in any corporation the income of which has already been assessed), the word "assessed" does not mean simply that the income has been listed and it has been decided whether it is subject to taxation or not, but means that the charge or burden of income taxation has been imposed on such income.
2. Where a corporation paid an income tax on its entire income for a certain year, and the income of a second corporation for that year, consisting wholly of dividends paid on stock held by it in the first corporation, was held exempt, the income of a third corporation, consisting of dividends received by it in that year upon stock held by it in the second corporation, was not exempt under the statute.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

*Certiorari* to review the proceedings of the *Tax Commission* assessing an income tax against the relator for the year 1915. The facts were these: The relator, a Wisconsin corporation, owns stock in the Fidelity Gas Company, a West Virginia corporation having its principal office at Milwaukee, which in turn owns stock in the Wisconsin Securities Company, a Wisconsin corporation. The Securities Company paid an income tax on its entire income for the year 1915. The sole income of the Fidelity Gas Company for that year consisted of dividends amounting to $7,500 on its stock in the Securities Company, and this income was reported by it with a claim that it was all exempt because the Securities Company had paid a tax upon its entire income. This claim was allowed and the Gas Company exempted from the payment of any tax. The relator, the *Columbia Construction Company,* in 1915 received dividends amounting to $3,589.38 on its stock in the Gas Company, and claimed exemption therefor on the ground that it had already been assessed against the Gas Company and that a tax upon it had been actually paid by the Securities Company, and hence that it was exempt under that clause of the Income Tax Law exempting from income taxation income received from stock in a corporation whose income has been already assessed. This claim of exemption was disallowed by the *Tax Commission,* but their determination was reversed by the trial court, and the *Commission* appeals.

For the appellant there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *J. G. Hardgrove,* all of Milwaukee.

WINSLOW, C. J. The crucial question in this case is whether the word "assess" in the Income Tax Act means

4]  AUGUST TERM, 1917.  371

State ex rel. Columbia C. Co. v. Tax Commission, 166 Wis. 369.

simply to list the income and decide whether it is subject to taxation or not, or whether it means to impose the charge or burden of income taxation thereon.

The *Tax Commission* held the latter view, and this court adopted that view in the recent case of *State ex rel. Sallie F. Moon Co. v. Wis. Tax Comm., ante,* p. 287, 163 N. W. 639, in which a motion for rehearing is overruled at the same time this decision is made. It does not seem that any good purpose would be subserved by further discussion of the question. The statute exempts dividends received from stocks in any corporation the income of which has already been assessed (sub. (e), sec. 1087m—3, Stats.). Under our construction of the word "assessed," the income of the Fidelity Gas Company for 1916 manifestly was not assessed but exempted from assessment.

The claim is also made that the income in question should have been exempted because the Wisconsin Securities Company had paid the tax on its income and because the income of the relator in question was remotely derived therefrom. This claim is not tenable. The statute provides for no such exemption. The relator had no stock in the Securities Company and hence received no dividends from stock in a corporation whose income had already been assessed for income taxation.

*By the Court.*—Judgment reversed, with costs, and action remanded with directions to affirm the determination of the *Tax Commission.*

ESCHWEILER, J., dissents.