PAINE, Appellant, vs. CITY OF OSHKOSH, Respondent.
[Two cases.]

*April 5—May 11, 1926.*

*Income taxes: Deductions: Dividends from foreign corporations
representing receipts from corporations having paid an in-
come tax.*

1. Dividends declared by a foreign corporation out of income
   received as dividends from a domestic corporation that had
   paid an income tax, and the stock of which, except as to
   qualifying shares, was all owned by the foreign corporation,
   are not exempt from taxation when received by a person
   subject to the Wisconsin income tax law. p. 71.
2. The fact that profits passing from one corporation to another
   have paid an income tax does not exempt them from the
   payment of another such tax, an income tax not being levied
   on property, funds, or profits, but on the right to receive
   income or profits. *Milwaukee County v. W. S. Seaman Co.*
   181 Wis. 323, distinguished. p. 72.

APPEAL from a judgment of the circuit court for Win-
nebago county: FRED BEGLINGER, Circuit Judge. *Affirmed.*

Consolidated actions to recover income taxes paid under
protest. The facts were not in dispute and were found by
the trial court as follows:

"(1) That at all the times hereinafter mentioned the
Paine Lumber Company, Ltd., was and now is a corporation
organized under the laws of the state of Wisconsin with a
capital stock in 1883 of $500,000, which was increased
January 2, 1894, to $1,000,000, and in December, 1922, to
$5,000,000.

"(2) That said corporation is located at *Oshkosh,* Wis-
consin, and there engaged in the manufacturing business,
and during all the years in question made annually income
tax returns to the state of Wisconsin of its income and paid
the state of Wisconsin the income taxes assessed thereon.

"(3) That the Paine Lumber Company of Maine is a
foreign corporation organized under the laws of the

state of Maine with a capital stock of $5,000,000, being $2,500,000 common stock and $2,500,000 preferred stock, divided into shares of $100 each; that said Paine Lumber Company of Maine was organized in 1907 for general purposes, including the right to purchase, hold, and deal in the stocks of other corporations, but that said company transacts no business in the state of Wisconsin, or elsewhere, excepting that ever since its organization it has owned and held all of the stock of the Paine Lumber Company, Ltd., of *Oshkosh,* but that seven of said shares stand in the name of seven individuals as qualifying shares, said shares, called qualifying shares, being of the par value of $100 each, and all beneficial interest therein belong to the Paine Lumber Company of Maine, and that during said years said company has made no return of income to the state of Wisconsin.

"(4) That at meetings of the board of directors of the Paine Lumber Company, Ltd., of *Oshkosh* in each of the years 1918, 1919, 1920, 1921, and 1922 a dividend of $150,000 was declared upon the capital stock of said corporation with the direction that the same be credited on the books of the company to the said Paine Lumber Company of Maine; that at or about the same time in each year the Paine Lumber Company of Maine had meetings of its board of directors and declared a dividend of six per cent. upon its preferred capital stock, amounting to $150,000, and directed that the same be paid to the holders of record of preferred stock in said Paine Lumber Company of Maine, which was accordingly done.

"(5) That the plaintiffs during all the periods covered by the transactions involved in these cases were residents of the city of *Oshkosh,* Wisconsin, and each of them was a stockholder in the said Paine Lumber Company of Maine; that the plaintiffs regularly made returns of their income, including dividends received from the Paine Lumber Company of Maine, without, however, clearly indicating in their returns, at least in some of them, that the dividends were derived upon stock held by them in the Maine corporation. The plaintiffs in their returns of their income annually deducted the amounts of these dividends thus received by them. Some time after the last of these income tax returns were

Paine v. Oshkosh, 190 Wis. 69.

made, a reassessment was made upon them relating to the receipt of these dividends upon the stock of the Maine corporation, and the deductions disallowed and the plaintiffs respectively taxed for the amount which they now seek to recover.

"(6) The plaintiffs paid these taxes to the city treasurer of the city of *Oshkosh* under protest, they having successively appealed to the income tax board of review and to the Wisconsin tax commission, both of which approved the action of the auditor of the tax commission."

As conclusions of law the court found:

"That the deductions claimed against these income taxes levied against the plaintiffs were properly disallowed by the taxing officers; that the taxes levied were lawful, properly assessable and properly assessed against the plaintiffs, and that the plaintiffs were liable therefor, and that the defendant is entitled to judgment dismissing the complaints of the plaintiffs upon the merits with costs."

From a judgment entered accordingly the plaintiff in each case appealed.

For the appellants there were briefs by *Bouck, Hilton, Kluwin & Dempsey,* attorneys, and *John C. Thompson,* of counsel, all of Oshkosh, and oral argument by *Mr. Thompson* and *Mr. John F. Kluwin.*

*F. C. Stewart,* attorney, and *Moses Hooper,* of counsel, both of Oshkosh, for the respondent.

A brief was also filed by the *Attorney General* and *T. L. McIntosh,* assistant attorney general, as *amici curiæ.*

VINJE, C. J.    This case is ruled by the case of *State ex rel. Columbia Const. Co. v. Tax Commission,* 166 Wis. 369, 165 N. W. 382.    It was there held that dividends issued by a corporation stockholder, out of income derived from a corporation that had paid its income tax on its income, to its stockholder, in that case a corporation, were not exempt from taxation.    The statute provides for no exemption in

such cases and the courts can make none. The legal entity of corporations cannot be destroyed to relieve an apparent or real hardship. The Wisconsin and Maine corporations are in law as much separate entities as are A. and B.

The effort to trace the funds or profits passing from one corporation to another, and to claim that since such profits have paid one income tax for a certain year they should not pay another, is useless, because an income tax is not levied upon property, funds, or profits, but upon the right of an individual or corporation to receive income or profits. The same funds or property may constitute the income or profits of a dozen or more individuals during the same year.

It is sought to bring this case within the rule in *Milwaukee County v. W. S. Seaman Co.* 181 Wis. 323, 325, 193 N. W. 513. In that case the Seaman Body Company took over all the assets and assumed all the liabilities of the W. S. Seaman Company, and the latter became merged in the former and ceased to exist after the statutory period relating to the dissolution of corporations, and it was held that the Seaman Body Company was entitled to offset the personal property tax of the W. S. Seaman Company against its income tax because of the practical identity of the two corporations and the practical legal dissolution of the W. S. Seaman Company. In this case there is neither practical nor legal identity of corporations and neither is sought to be dissolved.

*By the Court.*—Judgment affirmed.