WITTER and others, Respondents, vs. TAX COMMISSION, Appellant.

*December 5, 1932—January 10, 1933.*

208

For the appellant there were briefs by the *Attorney General* and *F. C. Seibold,* assistant attorney general, and oral argument by *Mr. Seibold.*

For the respondents there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Ray B. Graves.*

FAIRCHILD, J. · The stockholders in the Consolidated Water Power & Paper Company, a Wisconsin corporation, reported their individual 1925 incomes and a tentative assessment was made by the proper authorities allowing a deduction of one hundred per cent. on such dividends received by the stockholders. The precaution of making this a tentative assessment was suggested by the Tax Commission to the assessor of incomes because the commission was then making a field audit of the books and records of the Consolidated Water Power & Paper Company, including an analysis of the surplus account for the purpose of determining the proportion of earnings on which the company had paid an income tax to the state. The audit disclosed that in 1920 the Consolidated Water Power & Paper Company had itself, as a stockholder, received a large amount of money in dividends from the Interlake Paper & Pulp Company in which it owned a considerable interest. This amount was deductible by the Consolidated Water Power & Paper Company because the Interlake Paper & Pulp Company had paid the tax thereon. But it then took its place in the resources of the Consolidated Water Power & Paper Company as untaxed earnings, and when disbursed in dividends would carry with it to the receiving stockholder a liability under the income tax law. *State ex rel. Columbia Const. Co. v. Tax Commission,* 166 Wis. 369, 165 N. W. 382; *Paine v. Oshkosh,* 190 Wis. 69, 208 N. W. 790. After the completion of the audit it was determined by the assessor of incomes that 75.958 per cent. of the 1925 dividends were paid out of untaxed surplus. The dividends were, to that extent, treated as taxable income and each stockholder was taxed accordingly. It is the validity of this assessment which is considered on this appeal.

The result reached by the Tax Commission in making the additional assessment was arrived at by dividing the taxed and the untaxed surplus and allocating the dividends for the years from 1921 to 1924 substantially all to the taxed item,

reserving for use in its plan of accounting until a later time the untaxed surplus, carrying the untaxed items through from 1920 to 1925, although the fact is that the dividend from the Interlake Paper & Pulp Company received in 1920, as well as the accumulation of untaxed income from every other source, was exhausted by payment in dividends before 1923.

It seems quite apparent that the Interlake Paper & Pulp Company dividend to the Consolidated Water Power & Paper Company, while taxed as income to the Consolidated Water Power & Paper Company, did not bear its taxable burden when it was distributed to the stockholders. The plan of the taxing authorities by which they seek to retrieve for taxing purposes the income that might have been taxed in the years 1921 and 1922, results in taxing as 1925 income what, as a matter of fact and in law, was income of previous years. This places on those who were stockholders in 1925 a burden which ought to have been borne by those individuals who were the stockholders of 1921 and 1922. As there was a material change in the owners of stock in those years, this method creates an inequitable situation, presenting grounds for sustaining the contention of the respondent that the method employed does not truly reflect the location of the untaxed surplus in the distributions made or dividends declared and that under proper accounting practices the tax liability sought to be imposed by these proceedings does not exist. The statute which provided for dividend deductions in 1925 is to the effect that when only part of the income of any corporation is assessed, only the corresponding part of the dividends or income received therefrom can be deducted. Sec. 71.04 (4), Stats. 1925.

Income is assessable as of the year received. Errors found upon audit of the tax returns must be corrected retroactively and as of the year for which the return is made. The an-

nual report of a taxpayer is a distinct and separate story resembling many others, to be sure. Where mistakes are made, or for any reason the true income has not been revealed, it may be reviewed during the years in which investigation for reassessment is permitted, but still each return as to profits and losses of a certain year is sole and complete in and of itself. Additional assessments of income taxes are not to be set aside for an irregularity which does not affect the legal groundwork of the tax, but the plan under which this additional assessment was made amounts to more than an irregularity. Each year's return may be the subject of investigation until it has passed through the number of years fixed by law in which a review for reassessment purposes may be undertaken, but at the end of that time, so far at least as additional assessments are concerned, it then becomes a closed book. The taxing authorities may not, upon finding that a portion of income in one year has escaped taxation, assume against the facts that dividends paid in such year were all paid out of taxed surplus and assess the dividends paid in a subsequent year on the further assumption, also against the facts, that untaxed surplus was not used but carried forward for the dividend of such subsequent year.

At the commencement of the year 1922 the total assessed surplus, including taxed and untaxed, was available for the payment of dividends. The record shows that the total dividends paid during the year completely wiped out this surplus. There was in addition to the dividend from the Interlake Paper & Pulp Company an item representing the increase in the valuation of various properties of the Consolidated Water Power & Paper Company resulting from an appraisal and valuation as of the year 1917. This item at the time was not taxable. *State ex rel. Hansen v. Cary,* 191 Wis. 153, 210 N. W. 420, 698. The plan followed of allocating to taxed surplus only, the dividends of 1922, resulted in a deficit

in this taxed surplus item or account of $929,077.07 in 1923. Although there was $1,475,419.65 in the untaxed surplus account there was allocated to it but $63,897.60 of the 1923 dividends. While the total dividend of that year amounted to $384,000, the balance, or $320,102.40, was added to the deficit in the taxed column, increasing that deficit to $1,249,179.47. This plan of accounting does not preserve the integrity of the annual report of the taxpayer's income nor give due regard to the statutes regulating reviews and re-assessments.

The trial court was of the opinion, and the evidence sustains his conclusion, that 98.44 per cent. of the dividend paid by the Consolidated Water Power & Paper Company to its stockholders in 1925 was paid from and ought to be allocated to taxed surplus. However, when the judgment was entered in October, 1931, the proportion of untaxed earnings going into the dividends was overlooked and, due to inadvertence, was not provided for. This requires modifying the judgment by increasing the assessment of income of 1925 as fixed in said judgment 1.56 per cent. against each stockholder who received dividends in that year. In other respects the judgment is affirmed.

*By the Court.*—Judgment affirmed, and cause remanded with instructions to modify the judgment assessing against each of respondents the increased tax resulting from a computation on the basis of 98.44 per cent. exemption of the dividends, and as modified, affirmed. No costs to be taxed.