HOPE INVESTMENT COMPANY, Respondent, vs. TAX COMMISSION, Appellant.

*February 8—April 30, 1935.*

The *Attorney General,* attorney, and *Walter L. Gold* of Milwaukee, special counsel, and *Morris Karon* of Milwaukee of counsel, for the appellant.

For the respondent there was a brief by *Quarles, Spence & Quarles* of Milwaukee and *Olin & Butler* of Madison, attorneys, and *Harry L. Butler* of Madison of counsel, and oral argument by *Mr. Butler, Mr. Joseph V. Quarles,* and *Mr. Ray M. Stroud* of Madison.

The following opinion was filed March 5, 1935:

FRITZ, J. The facts involved on this appeal are the same as in the cases of Otto H. Falk and others against the Wisconsin Tax Commission, *ante,* p. 130, 259 N. W. 624, up to the time that Herman W. Falk, on December 28, 1922, transferred his stock in the Falk Company to the respondent herein, which he had organized as his personal holding corporation. In exchange for respondent's stock he had transferred to it stock which he owned in Wisconsin corporations, including the Falk Company, and which was valued and assigned at a blanket valuation of $4,000,000. The original cost to Herman Falk, or the value on January 1, 1911, of his stock in the Falk Company was $1,499,603.33. The liquidating distributions made by the Falk Company, which he received in 1921 and 1922, amounted to $1,269,968. That left the sum of $229,645.66 as the balance unreturned of his cost. On the Falk Company stock transferred to the respondent by Herman W. Falk, it received from the Falk Company liquidating distributions, consisting in 1923 of stock in the Falk Corporation and the Falk Investment Company, valued at $5,196,911.06, and, in 1924, of $17,939.80 in cash. From those distributions the Tax Commission deducted the $229,645.66, balance of Herman W. Falk's unreturned cost of his Falk Company stock, and then ordered an additional assessment for the amount of the excess of those receipts by the respondent, in liquidation of the Falk Company, over the income tax cost to Herman W. Falk of that stock. The circuit court reversed that order and entered judgment annulling the assessment. In that connection, however, the parties

entered into a stipulation in the circuit court, without modifying the judgment, and without prejudice to the pending appeal, that a new additional assessment, for part of the liquidating distributions received by respondent in 1923 and 1924, should be made at specified amounts; and the respondent paid the taxes levied on those assessments.

On this appeal the Tax Commission contends, as it did in the case of *Falk v. Tax Comm., supra,* that the liquidating distributions received by the respondent in 1923 and 1924, from the Falk Company, were taxable under the 1925 and earlier income tax statutes, not as "dividends," but as "income . . . from the sale of . . . capital assets" under sec. 71.02 (2) (d), of as "other gains, profits or income" under sec. 71.02 (2) (h). The only substantial difference in respect to the liquidating distributions, between facts in this case and the facts in *Falk v. Tax Comm., supra,* is that in this case the 1923 and 1924 liquidating dividends, instead of being distributed by the Falk Company to Herman W. Falk, who was a stockholder at the time of the dissolution, were distributed by that corporation directly to the respondent as the transferee of the stock, and the successor in interest as a stockholder, of Herman W. Falk. As such transferee, the respondent stood, as a matter of law, in the shoes of Herman Falk, as a stockholder of the Falk Company, and its rights as his successor, in respect to the stock transferred to it by Herman W. Falk and the fruits thereof, were the same as those of any other stockholders of the Falk Company. Consequently all liquidating dividends which respondent received on that stock as a stockholder of the Falk Company in 1923 and 1924 were legally of the same kind and class as they would have been in the hands of Herman W. Falk, if he had continued as a stockholder of the Falk Company and, as such, had received the dividends.

As, under sec. 71.02 (2) (b), Stats. 1921 and 1923, those liquidating distributions made by the Falk Company to its

stockholders in 1923 and 1924 constituted dividends, which, as such, were assessable, as we held in *Falk v. Tax Comm., supra,* as dividends constituting part of the income of the receiving stockholder, they were likewise assessable against the respondent as dividends received by it, and were not assessable as either "income . . . from the sale of . . . capital assets" under sec. 71.02 (2) (d), Stats., or as "other gains, profits or income" under sec. 71.02 (2) (h), Stats. On the other hand, the provisions in sec. 71.03 (5), Stats. 1921 and 1923, that every corporation shall be allowed to deduct from its gross income—

"Dividends or income received within the year from stocks . . . in any corporation, . . . the income of which shall have been assessed under the provisions of this act; provided that when only part of the income of the corporation . . . from which such dividend or income was received shall have been assessed under this act only a corresponding part of such dividend or income shall be deducted; . . ."

are in substantially the same terms as the provisions of sec. 71.04 (4), Stats. 1921, which, as we held in *Falk v. Tax Comm., supra,* allow the deduction of dividends distributed in liquidation to individuals. Consequently the liquidating dividends in question are just as deductible by the respondent under sec. 71.03 (5), Stats., as they would have been deductible by Herman Falk under sec. 71.04 (4), Stats., if he had continued as the stockholder and received them in that capacity.

Likewise, for reasons stated in *Falk v. Tax Comm., supra,* as those liquidating distributions were made by the Falk Company directly to the respondent, as one of its stockholders, in so far as they were made out of the proceeds received by the Falk Company in the form of stock of the Falk Corporation and Falk Investment Company, on its sales of its assets to those corporations, and in so far as the Falk Company had been assessed for income taxation on such part

of those proceeds as constituted taxable profits or income received by it, the rule recognized in *Witter v. Tax Comm.* 210 Wis. 207, 246 N. W. 318; *Paine v. Oshkosh,* 190 Wis. 69, 208 N. W. 790; and *State ex rel. Columbia C. Co. v. Tax Comm.* 166 Wis. 369, 165 N. W. 382, is inapplicable. On the other hand, if some part of those liquidating dividends distributed to the respondent by the Falk Company was attributable to taxable income of the Falk Company, on which it had not been assessed, then the respondent would not be entitled to any deduction on account of that part of the dividend; and in that event an additional assessment against the respondent for the amount of that part would be proper. It is difficult to ascertain from the record whether there is any factual basis in that respect for an additional assessment against the respondent; but, if there is, it apparently constitutes the basis for the new assessments of additional income taxes which the parties stipulated in circuit court were to be made without modifying the judgment and without prejudice to the pending appeal.

As the respondent does not claim that the transaction in question constituted merely a reorganization, or that on that account there existed as to those transfers any such exemption as was recognized under sec. 71.02 (2) (i), Stats. 1927, there is no occasion for passing upon appellant's contentions that the transfers in 1921 of the Falk Company's assets to the Falk Corporation and the Falk Investment Company were not made pursuant to such a reorganization as is contemplated under sec. 71.02 (2) (i), Stats. 1927, and that that section enacted in 1927 was not applicable to the transfers which were made in 1921.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on April 30, 1935.