State ex rel. Hansen v. Cary, 191 Wis. 153.

———

STATE EX REL. HANSEN, Appellant, vs. CARY, County Clerk, Respondent.

STATE EX REL. OLSEN, Appellant, vs. SAME, Respondent.

STATE EX REL. RIEBS, Appellant, vs. SAME, Respondent.

*September 15—October 12, 1926.*

*Taxation: Of stock dividends: Dividends declared in 1920 upon appreciation of assets.*

1. Before property becomes subject to a tax it must have been prescribed by the legislature as taxable, under sec. 1, art. VIII, Const. p. 154.
2. Dividends declared in 1920 solely upon appreciation in the value of corporate assets, none of which were sold or leased, are not taxable under sec. 71.02, Stats., as it then existed, as the legislature had not made such stock dividends taxable at the time they were issued. p. 155.

OWEN, CROWNHART, and STEVENS, JJ., dissent.

APPEALS from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed, with directions.*

The facts in each of these three cases are identical, and it was stipulated that the cases be heard together on appeal.

In 1920 the Hansen Storage Company issued a stock dividend to the amount of $235,000. This dividend was declared solely upon an appreciation in value of the corporate

assets of the company, none of which were sold or leased. No part of it was derived from profits or earnings arising out of the business or operation of the company.

The income tax assessor assessed this dividend against the relator as taxable and the assessment was confirmed by the Milwaukee county income tax board of review and by the Wisconsin tax commission. The relator by *certiorari* had the ruling of the commission reviewed by the circuit court, and from its judgment sustaining the tax this appeal was taken.

For the appellants there was a brief by *Rix, Barney & Kuelthau,* attorneys, and *Carl B. Rix,* of counsel, all of Milwaukee, and oral argument by *Carl B. Rix.*

For the respondent there was a brief by the *Attorney General, Franklin E. Bump,* assistant attorney general, *Eugene Wengert,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney; and the cause was argued orally by *Mr. Sullivan.*

A brief was also filed by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles,* of counsel, as *amici curiæ,* and oral argument by *J. V. Quarles.*

VINJE, C. J. The appeal raises the question whether a stock dividend declared solely upon an appreciation of corporate assets was subject to an income tax in 1920. It does not raise the question whether it is taxable within the income tax amendment of 1911 to the constitution, or whether it should be taxed as income or profits. The inquiry is, Had the legislature, prior to the levy of this tax, made such a stock dividend subject to a tax?

Our constitution provides that "taxes shall be levied upon such property as the legislature shall prescribe" . . . and "may also be imposed on incomes . . . and reasonable exemptions may be provided." Art. VIII, sec. 1. It will thus be seen that before property becomes subject to a tax

it must have been prescribed by the legislature as taxable. This requirement of the constitution was followed by the legislature upon the adoption of the income tax amendment. In sec. 71.02, Stats., containing several closely printed pages, it specifies what is income and what is subject to an income tax. As to dividends it said: "All dividends derived from stocks . . . provided that the term 'dividends' as used in this section shall be held to mean any distribution made by a corporation . . . out of its earnings or profits accrued since January 1, 1911." Now why did the legislature define the term *"dividends"*? Because there were two kinds of dividends well known to it, namely, dividends issued out of profits and dividends issued upon the increased value of corporate assets, as provided for in sec. 182.19. This classification of dividends has been on the statute books since 1878 and was no doubt well known to those who drafted the income tax law. In view of such situation we cannot come to the conclusion that when it defined one of those classes of dividends it also meant the other, especially so when the other by legislative act has since been declared taxable. See amendment to sec. 71.02 of 1925. It is argued by the State that the enactment of 1925 is merely declaratory of the law as it existed before. Grammarians say that there are two classes of nouns: proper and common, and that proper nouns shall begin with a capital letter. Does any one contend that they thereby declare that common nouns shall also begin with a capital letter? We cannot regard the amendment of 1925 as declaratory of the law as it existed, but as one declaring another class of dividends also taxable.

Of course it was necessary to limit taxable dividends to such as were earned or accrued subsequent to January 1, 1911. But in order to do that it was not necessary to leave out one class of dividends entirely. It would have been quite sufficient to say that all dividends declared out of earn-

ings or upon an appreciation of corporate assets made or accruing since January 1, 1911, shall be taxable if both classes were intended to be included.

Much is contained in the briefs about the power to tax dividends issued upon an appreciation of corporate assets, and as to the duty to tax the same to the corporation or to the stockholders. We express no opinion as to their taxability or the method of taxing them because the questions are not involved in this appeal. As said in the beginning, the only question we have to consider is, Had the legislature, at the time these stock dividends were issued, declared them subject to an income tax? We go to the statutes, and need go only to the statutes, for an answer to the inquiry. That answer is, that not until 1925 did the legislature declare dividends issued upon an appreciation of corporate assets taxable. This court has never decided this question before. What it may heretofore have said as to all dividends being taxable must, as to this question, be regarded as *obiter* merely.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment declaring void the assessment involved in this appeal.

The following opinion was filed November 17, 1926:

OWEN, J. (*dissenting*). The question here presented is whether a stockholder of a corporation is subject to an income tax upon a stock dividend issued to him to absorb an increase in the value of the corporate property, which increase the corporation has set up on its books and carries as additional capital. In other words, whether the income tax statute makes a distinction between a stock dividend based upon an appreciation of corporate property and one paid out of the profits of the corporate business. I find

myself unable to agree with the conclusion of the court, and will briefly state my reasons for such disagreement.

When enacted, the income tax law provided that income, among other things, should include "all dividends derived from stocks." Certainly there could not be a more sweeping and inclusive declaration. "All dividends derived from stocks" were made subject to an income tax. The federal income tax act of 1913 contained a similar provision. Straightway corporations adopted the practice of declaring stock dividends rather than dividends payable in cash, thinking thereby to evade the income tax acts of state and nation. This practice resulted in a conflict of view, and much public debate as to whether a stock dividend constituted taxable income. This practice, and the public discussion resulting therefrom, brought the matter sharply to the attention of legislative bodies, and Congress by act of September 8, 1916 (ch. 463, 39 U. S. Stats. at Large, 756), provided "that the term 'dividends' as used in this title shall be held to mean any distribution made or ordered to be made by a corporation . . . out of its earnings or profits accrued since March 1, 1913, and payable to its shareholder, whether in cash or in stock of the corporation, . . . which stock dividend shall be considered income, to the amount of its cash value."

By ch. 247, Laws of 1917, par. (b) of sub. 2 of sec. 1087*m*—2, Stats., was amended by adding thereto the following: "provided, that the term 'dividend' as used in this section shall be held to mean any distribution made by a corporation, joint-stock company or association, out of its earnings or profits accrued since January 1, 1911, and paid to its shareholders whether in cash or in stock of the corporation, joint company or association."

The manifest purpose of both the act of Congress and ch. 247, Laws of 1917, was to make plain the legislative

intention to make stock dividends taxable equally with cash dividends.   So far as the state and national legislative bodies are concerned, the purpose sought to be accomplished was identical.   A disagreement resulted, however, between this court and the federal supreme court upon the question of whether a stock dividend constituted income so that a tax upon it might properly· be levied under the constitutional provision.   It was held by the supreme court of the United States in *Eisner v. Macomber,* 252 U. S. 189, 40 Sup. Ct. 189, that the certificate of stock received by the shareholder pursuant to such a dividend did not constitute income in his hands until it had been sold and realized upon, while this court held that the mere receipt of the certificate of stock constituted income.   *State ex rel. Dulaney v. Nygaard,* 174 Wis. 597, 183 N. W. 884.   This court is therefore committed to the proposition that the certificate of stock issued for and as a stock dividend constitutes income in the hands of the stockholder.

Up to this point there is no controversy, and the investigation must proceed on the premise that the stock dividend here involved constituted income in the constitutional sense. The majority of the court, however, reaches the conclusion that the legislature did not intend to tax this particular form of stock dividend; or, in other words, that it did not intend to impose an income tax upon a stock dividend declared out of a surplus resulting merely from an appreciation of the corporate property.   This conclusion is based upon the contention that sec. 182.19 establishes two classes of dividends, and authorizes the payment of one class out of surplus derived from the profits of the corporation and the other out of an appreciation of its property.

In the first place, I do not think that sec. 182.19 is subject to such a construction.   That section is not affirmative but negative in its terms.   It does not purport to confer authority upon the corporation, but purports to limit and restrain

the exercise of authority on the part of the corporation which is assumed in sec. 182.19. That section does not confer upon a corporation the right to declare dividends. Its opening language is, "No dividends shall be paid to any stockholder" except under conditions thereinafter enumerated. It assumes power and authority on the part of the corporation to declare dividends, but places restrictions upon that power preventing the corporation from impairing its capital stock by the declaration and payment of such dividends. Then to make it clear that the restrictions contained in sec. 182.19 were not intended to prevent dividends under certain specified circumstances, it was provided "that any corporation which has invested or may invest its net earnings or income or any part thereof in permanent additions to its property, or whose property shall have increased in value, may lawfully declare a dividend payable to stockholders upon its capital either in money or in stock to the extent of the net earnings or income so invested or of the said increase in the value of its property."

I submit that this declaration is not a grant of power but a limitation upon power assumed to reside in the corporation. If it be assumed that in the absence of this statutory provision a corporation of this state has no power to declare a stock dividend to absorb the appreciative value of its property, a reference to the unwritten law certainly indicates otherwise.

Thus, in 5 Thompson on Corporations (2d ed.) at sec. 5275: "Stock dividends are not infrequently and legitimately made where the proceeds have been used in improvements of the corporate property or in the extension of its business. Another and a frequent, and proper instance of such dividends is where the corporate property by improvements or otherwise has greatly increased in value and has become worth more than the original capitalization and the additional stock is issued to represent the difference between

the original capital and the increased value of the corporate property," to which proposition numerous authorities are cited.

In a note, beginning at the bottom of page 68, in 50 L. R. A. N. s. the annotator says:

"The general rule is, at least in the absence of controlling statutory or constitutional provision, that a corporation having a charter or statutory right to increase its stock may regard corporate assets over and above the amount of capitalization and indebtedness, whether consisting of accumulated, undistributed profits held as such, or invested in improvements or extensions of plant, etc., or a general increase in the valuation of the corporate property, etc., as consideration for an increase of stock to the amount of the surplus assets."

The annotator then cites many cases in support of the doctrine, and concludes by saying: "In Wisconsin by statutory declaration the unwritten law has been adopted," citing sec. 1765, Stats. 1898, now sec. 182.19.  Indeed, it is believed that this court plainly recognized this authority on the part of corporations in *Soehnlein v. Soehnlein,* 146 Wis. 330, 131 N. W. 739, where it said:

"There is no legal objection, in the absence of some statute to the contrary, to a corporation declaring a dividend, payable in stock, out of its net income, leaving its ordinary capital unimpaired.  That method is common.  True, the general conception of dividend incidents to corporate stock is payment from time to time out of net income of moderate amounts, somewhat in the nature, as to regularity of payment and amount thereof, of interest on money investments represented by notes and bonds.  But for convenience of the corporation and according to the judgment of directors, dividends out of net earnings carried as undivided profits, or surplus, or otherwise, and existing in cash or property, may be made in cash or stock of any legitimate kind by some method which will operate to actually transfer distributable assets—those not impairing capital—to individual ownership of stockholders, or constructively do so by bene-

ficially giving them additional shares of stock, thus changing the distributable property into permanent capital against new liabilities,"—

after saying which the court goes on to say that "by the written law of this state the stock method of distribution is recognized as legitimate and expressly authorized;" and, after quoting sec. 1765, declares "that is but a statutory declaration of what has become unwritten law by the uniform trend of decisions."

I am therefore unable to agree that sec. 182.19 created two classes of dividends, or that any such distinction was in the mind of the legislature when it enacted ch. 247, Laws of 1917. I must agree that if the laws of this state specifically and definitely defined two classes of stock dividends, and the income tax law referred to but one of them, it might be legitimately argued that it appeared that the legislature intended to exempt from taxation the dividend not specifically mentioned in the income tax law. But even should such appear to be the effect of sec. 182.19, in view of the history and of the development of our income tax law I could not regard such circumstance as conclusive of the legislative intent. As before stated, it is clear that when the income tax law was first enacted the legislature intended to impose an income tax upon all dividends, and that the amendment of 1917 was enacted not for the purpose of limiting the prior all-inclusive language of the statute, but for the purpose of making it plain that it did intend to tax stock dividends and, as far as the legislature could accomplish it, to put at rest the controversy of whether a stock dividend constituted taxable income. This was the construction placed upon it by the tax commission, an administrative body of the state in very close touch with the legislature, when the latter was dealing with the subject of taxation. It well may be assumed that this very amendment was suggested to the legislature by the tax commis-

sion, and that it was prepared by the tax commission, which body thereafter construed it in the light of what it had reason to believe was the legislative intent.

It thus appears that the legislature first made "all dividends derived from stocks" taxable as income.    Sec. 1087*m*—2 (b), Stats. 1913.    To meet the contention that stock dividends did not constitute income and were not taxable as such, the legislature defined the term "dividend" as including "any distribution made by a corporation . . . and paid to its shareholders whether in cash or in stock of the corporation."    Manifestly this was a legislative effort to make plain the legislative purpose of subjecting all dividends to an income tax.    This purpose was further maintained and revealed when, after objection was interposed to the levy of the tax involved in this action, the legislature, by ch. 446, Laws of 1925, added to sec. 71.02 (2) (b) the following: "and shall also include any distribution of increased value in capital assets ,under the authority of section 182.19." This legislation was all consistent with the original idea of the legislature to make all dividends declared by corporations of whatever kind, nature, or description subject to an income tax.

To my mind the amendment made by ch. 446, Laws of 1925, is not indicative of the legislative purpose attributed to it by the majority opinion.    I fully recognize that under some circumstances an amendment to a statute justifies a construction such as is invoked in the majority opinion. However, this is by no means inexorable.    It is well known that amendments to statutes may have one of two purposes: first, to change the law, and second, to more clearly reveal the legislative intent.    It seems clear to me that the purpose of ch. 446, Laws of 1925, was to make clear what was said in the beginning and emphasized by ch. 247, Laws of 1917, namely, that all dividends of corporations were subject to an income tax.    Such has been the consistent inter-

State ex rel. Hansen v. Cary, 191 Wis. 153.    Dissent.

pretation of the legislative purpose by the tax commission. It is a general rule that the construction of a statute by the administrative body charged with its enforcement is entitled to great weight. I can think of no instance in which that rule should be accorded greater deference than in the construction of our tax laws by our tax commission. It is well known that the members of the tax commission are regarded as experts upon the subject of taxation, and that the legislature accords great deference to the recommendations of that body. Furthermore, it is well known that the tax commission is in close touch with the legislature when dealing with the subject of taxation, and is peculiarly informed with reference to the purpose sought to be attained by legislative enactments. More than that, the tax commission is quick to catch ambiguities in the statutes which obscure the legislative purpose and to suggest additional legislation for the purpose of clarifying such ambiguities. The fact that ch. 446, Laws of 1925, was enacted immediately after the opposition raised to the imposition of the tax in this very case, is conclusive to my mind that the position of the tax commission in holding this dividend taxable was in accordance with the legislative intent. I am therefore of the opinion that the judgment appealed from should be affirmed.

I am authorized to state that Mr. Justice CROWNHART and Mr. Justice STEVENS concur in the views herein expressed.