MORGAN, Respondent, vs. WISCONSIN TAX COMMISSION, Appellant.

*December 7, 1927—April 3, 1928.*

*Income taxes: Distribution of assets by corporation: Taxable income: Increased value of securities over value in 1911.*

1. Since January 1, 1911, a corporation owned stock in other corporations, the fair market value of which had substantially increased over its value on that date, and in 1917 such stocks were distributed *pro rata* among the stockholders of the company. *Held,* that the distribution of stock was equivalent to a distribution of· money, and the increase in value since January 1, 1911, represented income in the hands of the stockholders which was taxable. p. 409.

*On rehearing:*

2. The declaration of the board of directors in directing the distribution of the stock, "that said distribution is made out of the earliest accumulated earnings of the corporation," is ineffective to transmute profits made after January 1, 1911, into earnings of the corporation prior thereto. p. 409.

APPEAL from a judgment of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Reversed, with directions.*

Action brought by the plaintiff, pursuant to sec. 71.155, Stats. 1925, to review an assessment· of additional income tax made against the plaintiff by the assessor of Winnebago county, affirmed by the income tax board of review, and affirmed by the defendant *Tax Commission.* The plaintiff had judgment in the circuit court, and the defendant appeals.

The appellant assigns as error that the court erred in holding as a matter of law that the excess value in 1917 of stocks held by a corporation wherein plaintiff was a stockholder, over their value in 1911, and distributed to the stockholder in kind in 1917, was not taxable to such stockholder as income.

For the appellant there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

For the respondent there was a brief by *Upham, Black, Russell & Richardson,* and oral argument by *Charles C. Russell* and *C. W. Reeder,* all of Milwaukee.

The following opinion was filed January 10, 1928:

CROWNHART, J. The facts are stipulated. The Morgan Company is a domestic corporation; the plaintiff was a stockholder thereof, owning 1,908 shares out of 3,886 shares of the outstanding stock; both were domiciled in Winnebago county; the Morgan Company, on January 1, 1911, and prior thereto, owned shares of stock in five subsidiary foreign corporations, of the par value of $369,100, at which value they thus were carried on the books of the Morgan Company as assets, but their fair market value on that date was $509,347.64; on May 25, 1917, the fair market value of the same stock, still held by the Morgan Company, was $814,889.74, or an excess market value on that day over January 1, 1911, of $305,542.10. On May 25, 1917, by resolution, the Morgan Company directed distribution, and there were distributed *pro rata* among the stockholders of the Morgan Company the stocks of the subsidiary companies so held by the Morgan Company; the plaintiff thereby received stocks of the market value of $150,019.13 in excess of the market value thereof January 1, 1911. The increased value of the stock had never been taxed as income. The plaintiff failed to report the stock so distributed to him, or the increased value thereof, as income in 1917 or thereafter. Upon an audit of the books of the Morgan Company in 1925 by the *Tax Commission,* the facts were disclosed and the assessment then made as of 1917.

The question of law here presented is whether or not the stock so distributed to the plaintiff was income. In *Cliffs Chemical Co. v. Wis. Tax Comm.* 193 Wis. 295, 214 N. W. 449, where there was a distribution of products instead of cash, it was held that courts will scrutinize closely any at-

tempt to evade taxation, and look beyond mere form to the substance of the transaction. It was there held that a distribution of manufactured products of a corporation to its stockholders constituted income to the stockholders. Here the stocks of the subsidiary companies held by the Morgan Company had a market value in 1917 very largely in excess of the market value in 1911, when the income tax law became effective. The stocks could have been sold and the cash distributed as dividends instead of the distribution of stock. If the Morgan Company had sold the stock for its market value, and if the cash received had been distributed, it would seem perfectly clear that the excess value in 1917 over 1911 would have gone to surplus and been distributed as earnings.

The method of distribution by the Morgan Company was perfectly proper, but by that method the plaintiff received profits resulting from the business of the Morgan Company between January 1, 1911, to the date of distribution of the stock, measured by the increase in value of the stock from 1911 to 1917. In other words, the plaintiff, in 1917, received stocks, equivalent to cash, of the market value of $150,019.13 more than he would have received if the distribution of the same stock had been made in 1911, and that amount represented profit upon which he was liable to pay income tax. To hold otherwise would open wide the door for evasion of the income tax law. *State ex rel. Hansen v. Cary,* 191 Wis. 153, 210 N. W. 420, 698, is relied upon by the plaintiff. That case related to stock dividends, and the decision turned on the construction of the statutes referring to stock dividends. Here we are not met with any similar statutory enactment. The question now is, Did the plaintiff receive something to be accounted for as profits or income? It seems plain that the stock which he received, and which was convertible into cash, represented income in his hands, the same as the cash value to the ex-

tent of the increased value thereof after January 1, 1911, when the income tax law became effective.

The distribution of stock by the Morgan Company was charged by it to surplus on its books. It had to be so charged, as the company was not authorized to distribute its assets except from surplus or profits. Sec. 1765, Stats. 1917, now sec. 182.19, provides that "no dividend shall thereafter be declared or paid . . . except out of net profits properly applicable thereto, and which shall not in any way impair or diminish the capital." It is clear that the company did not declare a dividend in form, but that it did make a distribution of its profits which, in the hands of the plaintiff, constituted income. See *Peabody v. Eisner,* 247 U. S. 347, 38 Sup. Ct. 546, where it was held that "a dividend by a corporation of shares owned by it in another corporation is not a stock dividend and is subject to the tax, like an equivalent distribution of money." The rule in *Peabody v. Eisner, supra,* was approved and carried to its logical conclusion in *U. S. v. Phellis,* 257 U. S. 156, 42 Sup. Ct. 63, in a well reasoned opinion.

Our statute as to taxable income is as inclusive as the federal law. After enumerating many kinds of taxable income, sub. (2) (h), sec. 71.02, Stats., provides as taxable income:

"And all other gains, profits or income of any kind derived from any source whatever except such as hereinafter exempted."

Similarly, the federal statute provides that income shall include, among other things, gains derived "from interest, rent, dividends, securities, or the transaction of any lawful business carried on for gain or profit, or gains or profits and income derived from any source whatever." 38 U. S. Stats. at Large, p. 167, ch. 16.

This action was maintained under the provisions of sec. 71.115, which has been held to be in effect an equitable pro-

ceeding.   We must hold that the distribution of stock in other corporations by the Morgan Company is equivalent to the distribution by it of money..

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment affirming the order of the *Tax Commission.*

The respondent moved for a rehearing.

In support of the motion there was a brief by *Upham, Black, Russell & Richardson,* attorneys, and *C. C. Russell* and *Perry J. Stearns,* of counsel, all of Milwaukee.

The following opinion was filed April 6, 1928:

CROWNHART, J.   On motion for rehearing, respondent complains that the court, in its opinion, omitted that portion of the resolution of the board of directors directing distribution of the stock, providing "that said distribution is made out of the earliest accumulated earnings of the corporation." The omission should not have been made.   However, it made no difference in the result.   A mere declaration that the distributed stocks should be made out of the earliest earnings of the corporation was futile so far as changing the nature of the transaction.   The stocks were definite things, which had character that could not be changed by mere *ipse dixit.* These stocks represented investments that had proven profitable.   The profits on the investment were partly accrued prior to 1911 and partly thereafter.   The directors of the corporation could not, by mere *ipse dixit,* transmute such profits, made after 1911, into earnings of the corporation prior to 1911.