SIMMONS COMPANY, Respondent, vs. TAX COMMISSION and another, Appellants.

*September 16—October 11, 1932.*

For the appellants there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, *George A. Bowman,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Seibold.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles* of counsel, all of Milwaukee, and oral argument by *J. V. Quarles.*

FAIRCHILD, J. Three years before the decision in the case of *State ex rel. Hansen v. Cary,* 191 Wis. 153, 210 N. W. 420, 698, holding that dividends declared upon appreciation in the value of corporate assets were not taxable, the assessor of incomes of Milwaukee county collected $3,763.07 from three stockholders of the Simmons Company as a tax based on dividends resulting from the writing up on the books of the company the fair appreciation of the value of the property of the company. The amounts making this total were paid under protest on or before December 31, 1923. Sec. 74.73, Stats., then in effect, provided that any person aggrieved by levy and collection of an unlawful assessment might file a claim therefor against the city which collected such tax, and if it appeared that the tax for which such claim was filed was unlawful, and "that all conditions prescribed by law for the recovery of illegal taxes have been complied with, . . . the common council of any city . . . may allow and the proper . . . city . . . treasurer shall pay such person the amount of such claim. . . . Every such claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter."

It thus appears that the respondent's assignors paid much more than ought to have been exacted of them and that they paid it when the law fixed a limitation of one year as the period of time within which action might be taken by a taxpayer to recover amounts taken from him by an erroneous assessment. Lapse of time without action on a taxpayer's part may be said to have given the payment of the excess the character of a voluntary payment. At least it resulted in a voluntary relinquishment of the right to recover it, which put it beyond the reach of the taxpayer forever unless a subsequent legislative enactment should revive the lost right. Respondent claims this revival happened by the passage of and proceedings under ch. 539 of the Laws of 1927 (sec. 71.11 of the Statutes of 1927). The court below accepted that theory and based its judgment thereon. This was error. The act relied on provides a means by which the assessor of incomes may verify a return of a taxpayer or discover one who failed to make a return. It contains the provision that the truth disclosed by a field investigation going back seven years, when ordered by the proper authority, should be used to make a correct assessment in the same manner that an original assessment should have been made under sec. 71.10. The Tax Commission made a complete audit of the Simmons Company's books from 1921 to 1926 inclusive which showed an appreciation surplus, out of which and some earned surplus a stock dividend had been declared in 1922 and that the amount of dividend not taxable because of its origin was 89.15-plus per cent. It also appeared who the stockholders were and the amount of income tax charged each one.

That the investigation provided for may be effective an orderly proceeding is devised, and, that it may be just, a thorough examination is provided for by means of the plan set forth in the income tax act. The scheme for adminis-

tering these laws enjoins on particular officers for particular purposes certain duties. Under sec. 71.09 the assessment of corporations is to be made by the Tax Commission, and the assessment of individuals is to be made by the county assessor of incomes. The Tax Commission prepares the initial tax rolls of the taxes of corporations, and the county assessor of incomes prepares the rolls of taxes of individuals residing in his county. The legislation designed to enable the taxing authorities to search for tax evasions gives to the particular group or officer charged with the responsibility of securing the correct return from the taxpayer, when such commission or assessor deems it advisable to verify any return, the power to inaugurate or direct a field investigation. This investigation brings with it certain advantages to the state in case the taxpayer has failed to report fully, and certain advantages to the taxpayer if he has been over-assessed. The situation before us is not affected by this legislation. The assessor of incomes of Milwaukee county has not seen fit to exercise the power to examine or cause to be examined the sources of information which might bear on the income of either of these taxpayers and he therefore has not become committed to making a reassessment according to sec. 71.10. The taxpayers in this matter have not asked for a field investigation of their incomes and they have not been subjected to one. The most that can be said from the facts disclosed is that as an incident in an audit of a corporation in which they were stockholders an error appeared as to one item in their income returns in 1922. On this they base their request for a correction as to that single item. The statute does not afford them this relief. There was open to them a method of review and correction at the time they paid their excessive tax. But beyond entering a protest they took no steps to recover the amount of overpayment and permitted their claims to be extinguished by virtue

of the statute limiting their right to redress to one year after payment. Nothing has occurred to revive that right to a correction of the assessment or that opens a way to them to secure the relief they seek. *Straus v. Tax Commission,* 201 Wis. 470, 229 N. W. 546; *Whitbeck v. Tax Commission,* 207 Wis. 58, 239 N. W. 655, 240 N. W. 804. As the limitation fixed by the statute, sec. 74.73, is controlling, it follows that the judgment of the circuit court must be reversed.

*By the Court.*—Judgment reversed.