## BINZEL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 197.

Circuit Court of Appeals, Second Circuit.

March 4, 1935.

Mark Eisner and Ferdinand Tannenbaum, both of New York City (Mark Eisner, of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen. (Sewall Key and Arnold Raum, Sp. Assts. to the Atty. Gen., of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On January 2, 1929, the taxpayer owned 2,500 shares of the United Cork Companies, and on the same date the latter company declared a dividend of one share of National City Bank stock, which it had among its assets, for each ten shares held by its stockholders in its own stock. It had purchased 1,335 shares of the City Bank stock at various times after February 28, 1913, and distributed 845 shares of the total amount to its stockholders on January 2, 1929. The average cost of this stock to the United Cork Companies was $62.98 per share, and the market value at the time the dividend was declared was $273 per share. At this valuation the 250 shares which the taxpayer received were worth $68,250. The taxpayer valued the 250 shares at $5,745 in his income tax return for the year 1929, which was at $62.98 per share, the original cost to the United Cork Companies. The Commissioner valued them at $273 per share—the worth of each share when distributed to the taxpayer—assessed his tax upon such a valuation of his shares, and determined a deficiency of $9,708.86 accordingly, which was affirmed by the Board of Tax Appeals.

The taxpayer claims that any amount over $62.98 per share received by him through the distribution of the City Bank stock was not subject to taxation because the excess was unrealized and could not be taxed until it should exceed the basis of his United Cork Companies stock. The Commissioner claims that the distribution was an ordinary dividend in property and subject to the provision of article 627 of Regulations 74, which provided that:

"Dividends paid in securities or other property (other than its own stock) in which the earnings of a corporation have been invested are income to the recipients to the amount of the market value of such prop-

erty when receivable by the shareholders. * * *"

Section 115 (a) of the Revenue Act of 1928, 26 USCA § 2115 (a), defines a dividend as "any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913."

Subdivision (b) of the same section, 26 USCA § 2115 (b), provides that: " * * * Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed, but any such tax-free distribution shall be applied against and reduce the basis of the stock provided in section 113 [section 2113]."

■ As the taxpayer has the burden of proof, we must assume that the stock of the City Bank was purchased out of earnings accrued after March 1, 1913. If so, its increase in value resulted from earnings out of which the stock was originally purchased and pro tanto was added to its surplus available for dividends or for any other purpose. It does not follow, because the United Cork Companies *realized* no taxable profit while it held the shares of the National City Bank, that there was no profit in fact, or that the dividend was not subject to taxes based upon a valuation of the stock that included the increment. That the market value at the time of distribution should be the basis for the income tax is evident from the decisions of the Supreme Court in United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180, Rockefeller v. United States, 257 U. S. 176, 42 S. Ct. 68, 66 L. Ed. 186, as well as under article 627 of Regulations 74, supra.

■ It is argued on behalf of the petitioner that the value of the City Bank stock, represented by the increase over its cost, is not taxable as a dividend, but should be applied against and reduce the basis of the stock which the taxpayer held in the United Cork Companies, because of the language of section 115 (d) of the Revenue Act of 1928, 26 USCA § 2115 (d). That subdivision reads as follows:

"(d) *Other Distributions from Capital.* If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not out of earnings or profits, then the amount of such distribution shall be applied against and reduce the basis of the stock provided in section 113 [section 2113], and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. * * *"

The foregoing subdivision, however, does not exempt distributions made out of earnings or profits of the United Cork Companies. There is no reason to suppose that the earnings and profits were not sufficient to cover the value of the City Bank stock at the time of distribution, and the burden to prove that they were not was upon the taxpayer. Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Metcalf's Estate v. Commissioner, 32 F.(2d) 192, 195 (C. C. A. 2). Section 115 (d), 26 USCA § 2115 (d), therefore, cannot be regarded as requiring that the increase in value of the bank stock over its cost should be applied against and reduce the basis of the taxpayer's holding of stock of the United Cork Companies. If that corporation had earnings or profits from any source, accumulated after February 28, 1913, from which it could have made a distribution equal in amount to the market value of the bank stock received by the taxpayer, the distribution should be regarded as having been made from the most recently accumulated earnings, and should not be applied to reduce the basis of his stock in United Cork Companies. Section 115 (b) supra; Helvering v. Canfield, 291 U. S. 163, 54 S. Ct. 368, 78 L. Ed. 706; Leland v. Commissioner, 50 F.(2d) 523 (C. C. A. 1).

Whether we regard the distribution of the bank stock as made out of earnings accrued after February 28, 1913, because it was originally purchased out of them and its increased value originated in that purchase, or whether at the time the taxpayer received the City Bank stock there were earnings and profits accrued after February 28, 1913, that were equivalent to its then market value, in either event the increment would not be exempt from taxes under section 115 (d), but would be a part of a dividend all of which was subject to taxation as current income of the recipient.

We think that the Board correctly determined that the taxpayer received a dividend in City Bank stock taxable at a value of $273 per share, and its order is affirmed accordingly.