## COMMISSIONER OF INTERNAL REVENUE v. WAKEFIELD.

### No. 9505.

Circuit Court of Appeals, Sixth Circuit.

Dec. 9, 1943.

Gerald L. Wallace and Ray A. Brown, both of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, and Warren F. Wattles, all of Washington, D. C., on the brief), for petitioner.

James W. Allen, of Nashville, Tenn. (James W. Allen and Samuels & Allen, all of Nashville, Tenn., on the brief), for respondent.

Before HICKS, ALLEN, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is a petition to review a decision of the Tax Court of the United States which overruled the Commissioner's determination of income tax deficiency against the respondent for the year 1937 and found that there was an overpayment of income tax for that year.

The respondent and two other persons, during the calendar year 1937, were members of a partnership which owned 98.-975% of the stock of the Nashville Securities Company, a corporation. In 1937 the corporation, which was on the accrual basis, had $28,773.06 available for distribution as dividends. In June, 1937, the corporation paid a cash dividend of $750 and a dividend in stock and bonds of Alabama Mills, Inc., which the corporation had acquired on March 4, 1937, out of earnings and profits accumulated by it since March 1, 1913. The total money value of the dividend distributed, valuing the securities at their market value, was $49,750. The partnership reported the dividend distribution as follows:

Total distribution (98.975% of
of $49,750) ................. $49,239.74
Amount of dividend as computed under § 115(a) and 115(b),
Act of 1936 ................. 30,769.88

Balance taxable under § 115(d) $18,469.86

The balance of $18,469.86 was reported as though it had been received on the sale or exchange of property as required under § 115(d) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 869.

The Commissioner determined income tax deficiencies against the individual partners, upon the theory that the partnership received dividend income in the full amount of the fair market value of the stocks and bonds when received from the corporation in addition to the cash dividend, totaling $49,239.74, and that each partner's pro rata share of the partnership income should be determined accordingly. Under § 182 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 897, each

partner was required to compute as net income his distributive share of the net income of the partnership for the taxable year.

The Tax Court considered that the earnings and profits of the corporation available for dividends were $28,773.06, and that the distribution constituted a dividend only to that amount.

■ Here the securities were bought during the taxable year wholly out of earnings and profits accumulated since February 28, 1913, held for a few months, and then turned over in kind to the partnership. The corporation charged the entire distribution to surplus on its books. What the partnership received was not the cash paid for the stock, but the stock itself. The securities clearly did not represent capital, nor did their distribution deplete capital. The distribution was made possible only by the expenditure of earnings and profits, and it depleted only earnings and profits. Hence the transaction fell within the definition of § 115(a) of the Revenue Act of 1936,[1] and constituted a dividend partly in cash and partly in property. The stock and bonds should therefore have been treated as income in the amount of their fair market value, for § 115(j) provides that "If the whole or any part of a dividend is paid to a shareholder in any medium other than money the property received other than money shall be included in gross income at its fair market value at the time as of which it becomes income to the shareholder." This section in express terms requires that the decision of the Tax Court be reversed.

■ Neither the Tax Court nor the respondent discussed § 115(j) of the Revenue Act of 1936 nor the applicable decisions. Under the rulings of the Supreme Court a property dividend becomes income to the shareholder at the time he receives it. Peabody v. Eisner, 247 U.S. 347, 38 S.Ct. 546, 62 L.Ed. 1152; Lynch v. Hornby, 247 U.S. 339, 38 S.Ct. 543, 62 L.Ed. 1149. The respondent contends that the decision must be affirmed because the appreciation in value of the stock and bonds of Alabama Mills, Inc., after purchase by the corporation was unrealized and was not an addition to the corporate earnings or profits. However, the taxpayer here is not the corporation, but a member of the partnership which, as stockholder, received the stocks and bonds. Hence the fact that the corporation's earnings and profits were not increased by the appreciation in value (Cf. LaBelle Iron Works v. United States, 256 U.S. 377, 41 S.Ct. 528, 65 L.Ed. 998) and that no taxable gain resulted to the corporation (Cf. General Utilities & Operating Co. v. Helvering, Commissioner, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154), is not controlling. Nor are we helped in decision by the legislative history relied on by respondent, which he contends demonstrates that Congress considered that the mere increment of value not realized by sale or disposition of property does not increase earnings and profits.

■ This is not the case of a distribution by a corporation of its own stock, which does not diminish the corporation's assets nor constitute taxable income. Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570. It is the case of distribution by a corporation of stock of another corporation, and this, if it represents earnings or surplus, is taxable as a dividend. Peabody v. Eisner, supra; Rockefeller v. United States, 257 U.S. 176, 42 S.Ct. 68, 66 L.Ed. 186; Marr v. United States, 268 U.S. 536, 45 S.Ct. 575, 69 L.Ed. 1079; Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756. Cf. Lynch v. Hornby, supra. Clearly these bonds and stock, purchased out of earnings and profits, represent earnings and profits instead of capital, and the distribution constituted a taxable dividend at the fair market value when received. Binzel v. Commissioner, 2 Cir., 75 F.2d 989, certiorari denied 296 U.S. 579, 56 S.Ct. 90, 80 L.Ed. 409; Timberlake v. Commissioner, 4 Cir., 132 F.2d 259. Cf. Morgan v. Wisconsin Tax Commission, 195 Wis. 405, 217 N.W. 407, 218 N.W. 810, 61 A.L.R. 357; Pool v. Guardian Investment Trust Co., 1922, 1 K.B. England, 347.

The order of the Tax Court is reversed and the case is remanded for further proceedings in accordance with this opinion.

---

[1] Section 115(a), Revenue Act of 1936.
"The term 'dividend' when used in this title * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913 * * *."