## REYNOLDS SPRING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10945.

United States Court of Appeals
Sixth Circuit.
April 19, 1950.

Thomas G. Long, Detroit, Mich., for petitioner.

Carlton Fox, Washington, D. C. (Theron L. Caudle, Ellis N. Slack, Lee A. Jackson, and Hilbert P. Zarky, Washington, D. C., on the brief), for respondent.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This appeal involves the computation of equity invested capital for the purpose of excess profits tax under § 718, I.R.C., 26 U.S.C.A. Int.Rev.Acts, page 30, the pertinent parts of which are printed in the margin.[1]

1. § 718, I.R.C.
"(a) *Definition.*—The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)—
"(1) *Money paid in.*—Money previously paid in for stock, or as paid-in surplus, or as a contribution to capital;
"(2) *Property paid in.*—Property (other than money) previously paid in

(regardless of the time paid in) for stock, or as paid-in surplus, or as a contribution to capital. Such property shall be included in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange. If the property was disposed of before such taxable year, such basis shall be determined in the same manner as if the property were still held at the beginning of such taxable year. If such unadjusted basis is a substituted basis it shall be ad-

The Commissioner determined deficiencies of $44,437.50 for the taxable period January 1, 1940, to September 30, 1940, and $63,075.36 for the taxable year ended September 30, 1941. This determination was upheld by the Tax Court.

The facts, which are stipulated, are in substance as follows:

In 1924 petitioner acquired 6,438 shares, all of the outstanding common stock of General Leather Company, a New Jersey corporation. The book value and the fair market value of this stock on the date of acquisition each amounted to $2,412,875.83. In payment petitioner issued 210,548 shares of its common stock. The sum of $2,412,875.83 was credited to petitioner's capital stock account. Subsequently, but prior to March 31, 1931, the General Leather Company stock was split approximately 23 shares for one share, increasing its common stock from 6,438 to 148,566 shares.

On December 27, 1930, petitioner's board of directors by resolution declared a liquidating dividend of all shares of General Leather stock, payable March 31, 1931, which distribution was carried out according to the terms of the resolution.

Immediately prior to the distribution of the General Leather Company stock petitioner had an earned surplus deficit of $698,760.84. At the time of the distribution the stock of General Leather Company had a fair market value of $5.00 per share, or $742,830 for all the shares distributed. The book value of the stock, $2,412,875.83, was charged to capital surplus by petitioner.

In its excess profits tax returns for the taxable periods involved in this proceeding, in computing excess profits tax credit based on invested capital petitioner included the sum of $2,412,875.83 in equity invested capital as money (or property) paid in for stock. As the distribution was made prior to the taxable years not out of accumulated earnings and profits, petitioner listed the distribution in reduction of its equity invested capital [§ 718(b) (1)] but computed the reduction in the sum of $742,830, the fair market value of the General Leather Company stock on the date of distribution.

The Commissioner determined the deficiencies in controversy upon the ground that in computing equity invested capital the reduction to be effected under § 718(b) (1) was in the amount of $2,412,875.83, the value assigned to the General Leather Company stock at the time of acquisition, instead of $742,830, the fair market value of the stock in 1931, when it was distributed in kind.

It is undisputed that petitioner had an earned surplus deficit at the time of distribution; that the dividend was a liquidating dividend; that the property distributed in kind was acquired by the issuance of capital stock; that the property had been held seven years and was of the fair market value of $742,830 when distributed.

The narrow question presented is whether, under § 718(b), equity invested capital is to be reduced by the tax basis of property distributed by a corporation to its stockholders where the distribution is not out of earnings or profits, or is to be reduced by the fair market value of property so distributed.

The Tax Court in its opinion pointed out that § 718(b) and the statute generally are silent as to the basis to be used in determining the amount by which equity invested capital shall be reduced by virtue of the distribution in kind of property paid in for stock. Subsection (2) of § 718(a) contains

justed, with respect to the period before the property was paid in, in the manner provided in section 113 (b) (2);

"(3) *Distributions in stock.*—* * *

"(4) *Earnings and profits at beginning of year.*—The accumulated earnings and profits as of the beginning of such taxable year; * * *

"(b) *Reduction in equity invested capital.*—The amount by which the equity invested capital for any day shall be reduced as provided in subsection (a) shall be the sum of the following amounts—

"(1) *Distributions in previous years.*—Distributions made prior to such taxable year which were not out of accumulated earnings and profits;

"(2) *Distributions during the year.*—Distributions previously made during such taxable year which are not out of the earnings and profits of such taxable year; * * *." 54 Stat. 982.

an unequivocal provision as to the basis to be used in determining the amount included in invested capital for property other than money paid in for stock. The Tax Court therefore concluded that "Logic and common sense would seem to indicate that the same basis be used here in reducing the invested capital where the distribution is in kind not out of earnings and profits."

Petitioner contends that this decision requires the insertion in § 718(b) of a provision identical as to basis with that contained in § 718(a), and that such an insertion constitutes judicial legislation which compels this court to reverse the decision of the Tax Court. The Commissioner contends that the items which make up equity invested capital under § 718(a) and the items which reduce it under § 718(b) constitute opposite sides of an equation, and that therefore the basis employed under § 718(a) and § 718(b) must be the same. We question whether the Commissioner is correct in calling the computation of equity invested capital and its reduction under the statute an equation. In general an equation is an expression of equality between two operations, and obviously here the operations are not, and are not expected to be, equal. But we find no answer in petitioner's argument to the proposition urged by the Commissioner that to sustain petitioner's contention results in leaving in invested capital the difference between cost and fair market value, although in the distribution, the corporation returned to the stockholders the identical property which had been previously invested.

No reported cases are cited which present the precise question. Decisions which involve distributions in kind, taxed to the shareholder at fair market value under the specific provisions of the statute have no application. Cf. Commissioner of Internal Revenue v. Wakefield, 6 Cir., 139 F.2d 280. However, the discussion in LaBelle Iron Works v. United States, 256 U.S. 377, 41 S.Ct. 528, 530, 65 L.Ed. 998, which construed the war excess profits tax of 1917, is illuminating in the solution of this case which arises under the war excess profits tax of World War II. The court there pointed out that the Congress, in order to avoid exaggerated estimates of value and evasions of the tax, "designedly adopted a term—'invested capital'—and a definition of it, that would measurably guard against inflated valuations." The word "invested," Mr. Justice Pitney said, "in itself imports a restrictive qualification. When speaking of the capital of a business corporation or partnership, such as the act deals with, 'to invest' imports a laying out of money, or money's worth, either by an individual in acquiring an interest in the concern with a view to obtaining income or profit from the conduct of its business, or by the concern itself in acquiring something of permanent use in the business; in either case involving a conversion of wealth from one form into another suitable for employment in the making of the hoped-for gains."

█ While § 718(b) contains no express provision as to the basis to be used in determining the amount by which equity invested capital shall be reduced by virtue of the distribution, we consider that the restrictive qualification imposed upon the definition of equity invested capital by the statute supports the Commissioner's determination in the instant case. This record demonstrates that such a construction of the statute is essential to guard against inflated computations.

The general purpose of the excess profits tax was to provide revenue for the war emergency out of the abnormal profits from large expenditures for the war effort. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831. The particular provisions involved, read in the light of context, we think demand the use of tax basis in computation under § 718(b) as well as under § 718(a). Cf. Securities & Exchange Commission v. C. M. Joiner Leasing Corp., 320 U.S. 344, 350, 351, 64 S.Ct. 120, 88 L.Ed. 88.

█ Petitioner properly charged the book value of the stock distributed to capital surplus in the sum of $2,412,875.83, and under § 718(a) (2) this figure was used in computation of equity invested capital. The deduction of the sum of $742,830, being the fair market value of the shares at the

time of distribution, fails to take into account the fact that the property distributed was a part of the corporate investment. The bearing of this consideration has been excellently stated in R. D. Merrill Co. v. Commissioner, 4 T.C. 955. While the question in that case was whether the corporate property distributed in kind, which had declined to a value below cost, should be charged against earnings and profits figured at cost, the rationale of decision was the same as in the instant case. The opinion states: "When property, as such, is distributed, it is no longer a part of the assets of the corporation, and the investment therein goes with it. That investment is the cost. An investment of corporate assets in property is not a mere book entry, as is indeed proven when it is distributed in kind. * * * When the *res* distributed leaves the corporation, that investment, i. e., that amount of corporate assets, also leaves, actually and physically; and nothing less than a charge of cost, i. e., the money originally converted to property, will represent the true financial situation. Though the distributee is taxed upon fair market value, that is because of section 115(j) [26 U.S.C.A., § 115(j)]; and it is worthy of note that no statute sets a like rule for the corporation as to any profit to it when it distributes. Our conclusion is based upon mere realism: To charge earnings and profits with fair market value instead of a greater cost would create a book situation altogether contrary to the facts."

We think the Tax Court correctly held that in view of the emphasis on tax basis in the determination of the amount to be included in invested capital for property paid in for stock, the same basis should be used in determining loss. 74 Mertens' Law of Federal Income Taxation, § 42.115; II Montgomery's Federal Taxes (1946–47), 411, 412. This construction of the statute avoids a computation of equity invested capital which does not accurately reflect actual capital investment and uses "as a base for tax purposes a figure that in itself had no relation to taxation." Cf. Commissioner of Internal Revenue v. Wheeler, 324 U.S. 542, 65 S.Ct. 799, 802, 89 L.Ed. 1166.

The decision of the Tax Court is affirmed.