## EQUITABLE SECURITIES CORP.
v.
## UNITED STATES.
### Civ. No. 1724.

United States District Court,
M. D. Tennessee, Nashville Division.

June 23, 1954.

Waller, Davis & Lansden, Nashville, Tenn., for plaintiff.

Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., and Edmund C. Grainger, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

DAVIES, District Judge.

The above entitled action was heard before the Court on February 3, 1954.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

The facts in this cause are stipulated to be as follows:

1. Plaintiff is a Delaware corporation having its principal office and place of business in Nashville, Tennessee, and is engaged in the investment banking business. In the transactions giving rise to the tax complained of, it was associated on an equal basis with the firm of A. C. Allyn & Company, 100 West Monroe Street, Chicago, Illinois, a corporation engaged in substantially the same type of business as the plaintiff.

2. Eastern Motor Coach Company, an Illinois corporation, was organized shortly prior to September 30, 1943, with a paid-in capital stock of $1,000 in cash, of which $500 was paid in by A. C. Allyn & Company and $500 by plaintiff. Said two stockholders of Eastern Motor Coach Company then contributed to it in exchange for additional stock and cash, certain stocks, mortgage notes and demand notes of Akron Transportation Company, an Ohio corporation, and Youngstown Municipal Railway Company, an Ohio corporation. The cash paid by Eastern Motor Coach Company was derived from a bank loan secured by a pledge of the aforesaid stocks, mortgage notes and demand notes. Eastern Motor Coach Company had no earnings or profits at the time of such acquisition. In the allocation on the books of Eastern Motor Coach Company of the cost basis of the securities transferred to it, the common stock of Akron Transportation Company was given a basis of $50,000, and the common stock of Youngstown Municipal Railway Company was given a basis of $1.00. Prior to November 4, 1944, all securities of Akron Transportation Company and Youngstown Municipal Railway Company other than common stock were retired.

3. The following is a true and correct excerpt from the minutes of a meeting of the Board of Directors of Eastern Motor Coach Company held November 4, 1944, at which a quorum was present:

"From the report furnished the meeting on the financial condition and earnings of the company for the fiscal year ended September 30, 1944 it appeared that the company was in a position to declare and pay a dividend upon its outstanding shares of common stock. During

the discussion of the advisability of declaring and paying such a dividend the Chairman pointed out that all of such outstanding stock was owned in equal proportion by only two holders and that if payment of a common dividend was determined upon, such dividend could readily be declared and paid in property of the corporation if considered advisable to do so, rather than in cash.

"Thereupon, after discussion it was on motion duly made, seconded and unanimously adopted by the affirmative vote of the Directors present

"Resolved that a dividend on the outstanding shares of the common stock of this corporation be, and it hereby is, declared in and ordered to be paid in property of this corporation to wit: in shares of common stock of Akron Transportation Company owned by this corporation at the rate of 1.2 shares of common stock of said Akron Transportation Company for each share of common stock of this corporation issued and outstanding, said dividend to be payable on December 15, 1944 to the holders of record of said common stock of this corporation at the close of business on December 14, 1944, from the net surplus of this corporation as at the close of business on September 30, 1944 and/or from the net profits of this corporation for its current fiscal year, and

"Resolved that the proper officers of the corporation be, and they hereby are, authorized and directed, in the name and on behalf of the corporation, to do, or cause to be done, all acts or things necessary or proper to carry out the foregoing resolution."

All the common stock of said Akron Transportation Company, consisting of 30,000 shares, was distributed to the stockholders of Eastern Motor Coach Company pursuant to said action of the Board of Directors, said distribution taking place on December 15, 1944, and plaintiff received 15,000 shares of the said stock.

4. The following is a true and correct excerpt from the minutes of a meeting of the Board of Directors of Eastern Motor Coach Company held June 19, 1945, at which a quorum was present:

"From the report furnished the meeting on the financial condition of the company for the fiscal year ended September 30, 1944 and for each of the subsequent months, it appeared that the company was in a position to declare and pay a dividend in property upon its outstanding shares of common stock.

"Thereupon, after discussion it was on motion duly made, seconded and unanimously adopted by the affirmative vote of the directors present

"Resolved that a dividend on the outstanding shares of common stock of this corporation be and it hereby is declared and ordered to be paid in property of this corporation to-wit, shares of common stock of The Youngstown Municipal Railway Company owned by this corporation at the rate of 4.0152 shares of common stock of said Youngstown Municipal Railway Company for each share of common stock of this corporation issued and outstanding. Said dividend to be payable on June 20, 1945 to the holders of record of said common stock of this corporation at the close of business on June 19, 1945 from the net surplus of this corporation as at the close of business on September 30, 1944 and/or from the net profits of this corporation for its current fiscal year and

"Resolved that the proper officers of the corporation be and they hereby are authorized and directed in the name and on behalf of the corporation to do or cause to be done all acts or things necessary or proper to carry out the foregoing resolution."

All the common stock of said Youngstown Municipal Railway Company, consisting of 100,380 shares, was distributed to the stockholders of Eastern Motor Coach Company pursuant to said action of the Board of Directors, said distribution taking place on July 31, 1945, and plaintiff received 50,190 shares of the said stock.

5. The following is a true and correct analysis of the earnings and profits of Eastern Motor Coach Company from September 30, 1943 to September 30, 1945:

| Date | Explanation | Per Books | Adjusted to Tax Basis * |
|---|---|---|---|
| 9–30–43 | Balance | $ — | $ — |
| | Earnings for year ended September 30, 1944 | 47,770.46 | 52,667.61 |
| 5–1–44 | Cash dividends—preferred stock | (6,500.00) | (6,500.00) |
| | Federal income taxes for year ended September 30, 1944 | (19,000.00) | (21,067.05) |
| 9–30–44 | Balance | $22,270.46 | $25,100.56 |
| | Earnings for year ended September 30, 1945 | 68,045.75 | 69,035.43 |
| | Adjustment of prior year's income relating to Illinois personal property taxes and Federal and Illinois capital stock taxes | 4,897.15 | |
| | Dividends | | |
| 12–15–44 | 30,000 shares of common stock of Akron Transportation Company | (50,000.00) | (50,000.00) |
| 5–5–45 | Cash—to preferred stock | (4,800.00) | (4,800.00) |
| 6–19–45 | 100,380 shares of common stock of Youngstown Municipal Railway Company | (1.00) | (1.00) |
| | Federal income taxes— For year ended September 30, 1945 | (22,200.00) | (22,673.56) |
| | For year ended September 30, 1944 | (2,067.05) | |
| 9–30–45 | Balance | $16,145.31 | $16,661.43 |

6. The 15,000 shares of Akron Transportation Company common stock received by plaintiff were originally reported in plaintiff's 1944 return as a dividend in the amount of $25,000, their book value on the books of Eastern Motor Coach Company, but an amended return was subsequently filed reporting the dividend at its fair market value on the date of receipt, or $1,250,000. This

---

* Taking into account all adjustments made in conference between Eastern Motor Coach Company and representatives of the Bureau of Internal Revenue, pursuant to which tax liability of Eastern Motor Coach Company for said years was finally closed.

figure was accepted by the Commissioner of Internal Revenue as the fair market value of the stock at the date of receipt and used in the recomputation of plaintiff's tax for the year 1944. The 50,190 shares of common stock of Youngstown Municipal Railway Company received by plaintiff were reported in plaintiff's 1945 return as a dividend in the amount of $803,040, their fair market value on the date of receipt. This figure was accepted by the Commissioner of Internal Revenue as the fair market value of the stock at the date of receipt and used in the recomputation of plaintiff's tax for the year 1945.

7. As determined by the Commissioner of Internal Revenue in auditing plaintiff's return for the year 1944, Eastern Motor Coach Company had accumulated earnings and profits available for dividends of $22,270.46 immediately prior to the distribution of the Akron Transportation Company common stock and plaintiff's basis for its Eastern Motor Coach Company stock was then $79,-959.78.

8. As determined by the Commissioner of Internal Revenue in auditing plaintiff's return for the year 1945, Eastern Motor Coach Company had accumulated earnings and profits available for dividends of $43,875.85 at the close of its fiscal year, September 30, 1945, before taking into account the distribution of the Youngstown Municipal Railway Company common stock, but after deducting the $22,270.46 accumulated prior to the distribution of the Akron Transportation Company common stock. Based on these figures, Eastern Motor Coach Company had accumulated earnings and profits at the close of the fiscal year available for dividends of $66,146.-31, before taking into account the distribution of either of these common stocks. The earnings and profits of Eastern Motor Coach Company thus determined by the Commissioner of Internal Revenue in auditing plaintiff's returns were the earnings and profits per books of Eastern Motor Coach Company as set forth in paragraph 5 hereof.

9. On January 15, 1951, the Commissioner of Internal Revenue, acting through the Internal Revenue Agent in Charge for the District of Tennessee, made deficiency assessments against the plaintiff in the amount of $215,641.50 for the year 1944 and $179,770.74 for the year 1945. These amounts, less a credit of $28,003.88 for the year 1945, were paid on January 15, 1951, together with interest. On November 7, 1952, plaintiff filed claims for refund based on grounds substantially the same as in the complaint with the Collector of Internal Revenue for the District of Tennessee for $216,701.67 for the year 1944 and $166,571.63 for the year 1945 (being the aforesaid sums plus certain other adjustments allowed by the Commissioner) together with interest in each case. More than six months elapsed after the filing of said claims before this suit was brought.

10. Eastern Motor Coach Company continued its corporate existence until 1953 and did not adopt a plan of liquidation prior to 1953. During the year ended September 30, 1946 it had substantial assets and received income which it reported for taxation to the Collector of Internal Revenue at Chicago, Illinois. It also made substantial distribution to its stockholders. Upon the dissolution of the corporation in 1953, all remaining assets were distributed to its stockholders.

11. Eastern Motor Coach Company did not record in its books or report on its federal tax returns as gain the appreciation in value of the common stocks of Akron Transportation Company and Youngstown Municipal Railway Company distributed to the stockholders of Eastern Motor Coach Company in the fiscal year ending September 30, 1945 and paid no tax on such appreciation.

## Conclusions of Law

1. The Court has jurisdiction of this cause. 28 U.S.C. § 1346(a)(1)(ii).

2. The distribution of the Akron Transportation Company common stock and the Youngstown Municipal Railway Company common stock was a dividend, and the distributees are taxable upon the full fair market value thereof. Commissioner of Internal Revenue v. Wakefield, 6 Cir., 139 F.2d 280; Commissioner of Internal Revenue v. Hirshon Trust, 2 Cir., 213 F.2d 523; Commissioner of Internal Revenue v. Godley's Estate, 3 Cir., 213 F.2d 529.

3. Plaintiff is therefore entitled to recover the amount sued for.

Judgment will be entered accordingly.