STATE EX REL. ARPIN, Respondent, vs. EBERHARDT, County Clerk, Appellant.

*May 25—June 17, 1914.*

*Statutes: Construction: Taxation: Incomes from sources without the state.*

1. A statute should be read and construed as a whole, and the different provisions should be harmonized if it is reasonably possible to do so. As against this rule, the punctuation has little significance.

2. Under sub. 3 of sec. 1087m—2, Stats. 1911, the income of a person residing in this state, other than that derived from rentals, stocks, bonds, securities, or evidences of indebtedness, is taxable only so far as it is derived from sources within the state. Thus, the income received by a resident of the state from a copartnership of which he is a member and which is doing business and has all its property located outside the state, all the profits distributed being derived from sources without the state, is not taxable under said statute. Language used in the *Income Tax Cases*, 148 Wis. 456, 516, qualified.

APPEAL from a judgment of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This is an action brought by the petitioner to reverse and set aside the ruling of the county board of review of Wood county inserting a certain item of income in petitioner's income tax statement for the year 1912. The complaint alleges that the petitioner is and has been all his life a citizen and resident of Grand Rapids, Wisconsin; that on March 27, 1913, he made a written report as required by law of his income for the year 1912; that the body of the report was not made out by the petitioner, and through inadvertence was made to include the item "Dividends on stocks, $21,821.77," but that said income was not nor was any part thereof derived from rentals, stocks, bonds, securities, or evidences of indebtedness, and was in fact derived wholly from sources outside the state, to wit, from a dredging business in the state

State ex rel. Arpin v. Eberhardt, 158 Wis. 20.

of Texas, carried on within that state and by a partnership composed of the petitioner and two other partners, and that all the property and machinery belonging to said business were located in the state of Texas and there taxed; that petitioner appeared before the county board of review at its annual session and asked to be permitted to correct his report as to said item; that said board of review, after hearing petitioner's evidence, ruled that under the law the petitioner should be assessed for income tax on said item of income, and it was so ordered and the assessment made accordingly. On petitioner's appeal to the circuit court from the ruling of the county board, the court at the close of the trial entered judgment in favor of the petitioner, reversing and setting aside the action of the county board, and from such judgment defendant appeals.

For the appellant there was a brief by *Chas. E. Briere,* district attorney of Wood county, attorney, and the *Attorney General* and *Byron H. Stebbins,* assistant attorney general, of counsel; and the cause was argued orally by the *Attorney General* and *Mr. Stebbins.*

For the respondent there was a brief by *Goggins & Brazeau,* and oral argument by *B. R. Goggins.*

BARNES, J.    Sec. 1087*m*—1, Stats. 1911, provides for an income tax to be paid "by such persons and from such sources as hereinafter described."

Sub. 3 of sec. 1087*m*—2, Stats. 1911, reads:

"The tax shall be assessed, levied and collected upon all income, not hereinafter exempted, received by every person residing within the state, and by every nonresident of the state upon such income as is derived from sources within the state or within its jurisdiction. So much of the income of any person residing within the state as is derived from rentals, stocks, bonds, securities or evidences of indebtedness shall be assessed and taxed, whether such income is derived from sources within or without the state; provided, that any person

engaged in business within and without the state shall, with respect to income other than that derived from rentals, stocks, bonds, securities or evidences of indebtedness, be taxed only upon that proportion of such income as is derived from business transacted and property located within the state, which shall be determined in the manner specified in subdivision (e) of section 1770b, as far as applicable."

The question in the case is whether the income received by a resident of Wisconsin from a copartnership of which he is a member and which is doing business in the state of Texas, is taxable, it being conceded that the profits distributed were all derived from sources without the state.

The answer to this question depends on the meaning of the statute above quoted. The first sentence standing alone is indefinite in that it is reasonably susceptible of two meanings. It might well mean that *all* income of a resident of the state derived from any source whatever is taxable and that all income of a nonresident derived from sources within the state is likewise taxable. The sentence might also mean simply that all income of residents and nonresidents of the state derived from sources within the state is taxable. Because of the omission of a comma after the word "state" where it occurs the second time in the sentence, the first construction would appear to be the more reasonable. The omission of the punctuation mark, however, is not very significant, provided it appears from what follows that the second construction is in accord with the legislative intent. The statute must be read and construed as a whole, and the different provisions should be harmonized if it is reasonably possible to do so. If the second construction referred to is adopted, then we have a statute which is harmonious in all its parts. All income received by residents of the state from sources within it is taxable, and all income of such residents from sources without the state on account of rentals, stocks, bonds, securities, or evidences of indebtedness is taxable. No other income is made taxable by the law and therefore cannot be taxed. If the first

construction is adopted, then the provision in the second sentence, that so much of the income of any resident of the state as is "derived from rentals, stocks, bonds, securities or evidences of indebtedness" shall be taxed whether such income is derived "from sources within or without the state," is neither "useful nor ornamental." To hold to the construction first suggested would make the first clause of the second sentence, tautology pure and simple. It is not apparent why in a law as carefully drawn as was the Income Tax Law the obscurity of the first sentence of the statute should be greatly increased by the addition of redundant and useless words if in fact it was the intention to tax all incomes from all sources received by residents of the state. We may not lightly assume that words conveying an important signification are idly inserted in a statute. By adopting the second construction of the first sentence the entire section is given force and effect, and this is as it should be. The profits received by *Mr. Arpin* were not received from rents, stocks, bonds, securities, or evidences of indebtedness, and being derived from a source without the state were not taxable.

It is argued by appellant that no reason existed for taxing a part of the income derived from sources without the state and allowing some income to go untaxed. Legislative intent is sometimes manifest, although the words used to express it may not be happily chosen. Frequently, if not generally, the safest guide to lead us to that intent is the plain, ordinary meaning of the words used. When we get beyond this we are often exploring a field of uncertainty, particularly when we are actually called upon to eliminate a part of a statute in our pursuit of something that is apt to be elusive.

Certain considerations occur to us which might have induced the legislature to refrain from taxing income derived from sources without the state except as specified. It was no doubt the desire of the legislature to prevent the loan or investment of moneys without the state for the purpose of re-

ceiving a fixed return for the investment made so as to avoid the payment of a tax on this species of property. The property of this firm was taxable in the state where located. If incomes were taxed in that state, the income would also, in all probability, be taxed there. If the income were taxed here, it might be doubly taxed. Conceding the right to impose such double taxation, the legislature might well feel that it would not be just to do so. Other considerations might be mentioned, but those suggested should suffice.

We do not find any other provision in the Income Tax Law which is of any material assistance in arriving at the intent and meaning of the section under discussion.

It is further contended that it was decided in the *Income Tax Cases,* 148 Wis. 456, 516, 134 N. W. 673, 135 N. W. 164, that all income received by residents of the state from all sources was taxable. The suits referred to were taxpayers' actions brought to test the constitutionality of the law. It was said in the opinion that only such questions would be considered as bore on the validity of the act as a whole, and that concrete cases involving minor provisions of the act or provisions that might be held invalid without destroying the entire statute would be left for future consideration. Page 503. Such has been the rule invariably announced in actions which were brought for the express purpose of declaring an act of the legislature void. *Wadhams Oil Co. v. Tracy,* 141 Wis. 150, 123 N. W. 785; *State ex rel. Buell v. Frear,* 146 Wis. 291, 131 N. W. 832; *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209; *Cream City B. P. Co. v. Milwaukee, post,* p. 86, 147 N. W. 25. The constitutionality of the Income Tax Law was in no way dependent on construing sub. 3 of sec. 1087m—2 as contended for by the appellant. The court, in stating the general scope of this statute in the *Income Tax Cases,* stated it rather broadly, but with no intention to settle the law in actual controversies which might arise and which would necessitate a critical examination of the statute

with reference to each particular case. Binding construction was indulged in only to such an extent as was necessary to determine whether the act in its entirety was void or valid. It was probably assumed by the court that the language used did in fact cover all income derived by residents of the state from sources without the state. It certainly was not the intention of the court to say that income was taxable which the statute did not expressly or by fair implication assume to tax. We do not consider the language relied on by the appellant at all controlling on this appeal.

*By the Court.*—Judgment affirmed.