STATE EX REL. BRENK, Respondent, vs. WIDULE, Clerk, etc., Appellant.

*October 6—October 26, 1915.*

*Taxation of incomes: Inheritance of real estate: Income from without the state.*

Assuming, but not deciding, that an inheritance, received by a resident of this state, of real estate located in another state is income within the meaning of the state Income Tax Law, it is within the class of incomes derived from sources wholly without the state and therefore not taxable under that law.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

*Certiorari* to reverse the action of the income tax board of review of the county of Milwaukee in assessing an inheritance of real estate located in the state of Michigan as a part of the taxable income of the relator.

The relator is a resident of the state of Wisconsin and engaged in business in the city of Milwaukee. Mary Brenk, mother of the relator, died on the 14th day of April, 1913, in the city of Jackson, Michigan, and left an estate consisting entirely of real estate, all of which is located in the state of Michigan. The relator's share of the estate amounted to $7,316.80. On the 24th day of February, 1914, the relator made a report of his income for the year 1913 and filed the report with the county assessor of incomes for the county of Milwaukee. In this report he listed the inheritance here in question under the head of "Gross income," but claimed the right to deduct the inheritance from the amount shown on his report under the head of "Deductions and exemptions."

The county assessor refused to allow the deduction and the county board of review sustained the holding of the assessor. The relator then appealed to the Wisconsin tax· commission

and the commission entered an order confirming the action of the county assessor and the board of review.

The relator petitioned for and the circuit court for Milwaukee county allowed a writ of *certiorari* to review the action of the assessing officers. The circuit court entered judgment annulling the acts of the county assessor of incomes and the income tax board of review of Milwaukee county and allowing the inheritance to be deducted from the taxable income of the relator. From such judgment this appeal is taken.

For the appellant there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, *W. L. Tibbs* and *Daniel W. Sullivan,* assistant district attorneys, *Daniel W. Hoan,* city attorney of Milwaukee, and *Max Schoetz, Jr.,* assistant city attorney; and the cause was argued orally by *Mr. Brossard, Mr. Sullivan,* and *Mr. Schoetz.*

For the respondent there was a brief by *Alexander & Burke,* and oral argument by *F. P. Burke.*

SIEBECKER, J. The inquiry is, Did the court err in holding that the real estate the relator inherited from his mother is not taxable as income under the provisions of the state Income Tax Act? The inheritance, consisting of real estate, is located in the state of Michigan, and was received by the relator from his mother, who at the time of her death in April, 1913, was a resident of the state of Michigan. Relator was then a resident of the city of Milwaukee, and in the month of February, 1914, made return of his income for the year of 1913 to the assessor of incomes for the county of Milwaukee for purposes of taxation.

Sec. 1087m—10, Stats. 1913, provides that the state tax commission and assessors of income shall annually on January first, or as soon as practicable thereafter, assess every income received during the preceding calendar year liable to

taxation under the law.    The law in force January 1, 1914, must control in the instant case.    Sub. 2, sec. 1087m—2, declares that the term "income," as used in the act, shall include: (a) All rent of real estate; (b) all dividends from stock and interest from money loaned or invested; (c) all wages, salaries, or fees; (d) all business profits; (e) all royalties from mines, franchises, and legalized privileges; (f) "and all other gains, profits or income of any kind derived from any source whatever except such as hereinafter exempted."    Sec. 1087m—4 provides for various deductions, and among others specifies the following in sub. (i) : "All inheritances, devises and bequests received during the year which are subject to and have complied with the inheritance tax laws of this state."    The taxing authorities of Milwaukee county and the state tax commission, it is stated, have included inheritances as being "income" within the provisions of the Income Tax Act and determined that relator's inheritance of real estate located in the state of Michigan was assessable income.    The provisions of the act do not clearly express the legislative intent on this subject.    The correctness of the interpretation the taxing authorities have given this part of the statute is important, and in the light that the issues of the case now before us will be finally determined under another phase of the statute, we deem it advisable not to determine whether or not an inheritance is income within the meaning of the Income Tax Act.    Assuming, without deciding, that relator's inheritance of real estate located in the state of Michigan is income within the meaning of this statute, is it assessable under the provisions of this act?    The provisions of sub. 3 of sec. 1087m—2, Stats. 1911, were fully considered and construed in the case of *State ex rel. Arpin v. Eberhardt,* 158 Wis. 20, 147 N. W. 1016.    Upon full discussion and consideration of the different parts of this statute it was determined that:

"All income received by residents of the state from sources

within it is taxable, and all income of such residents from sources without the state on account of rentals, stocks, bonds, securities, or evidences of indebtedness is taxable. No other income is made taxable by the law and therefore cannot be taxed."

Nothing is suggested nor do we perceive any reasons why this was not the correct interpretation of the statute. The provisions of this section as amended in 1913 do not change the law in this respect. Assuming for the purposes of this case that this inheritance is "income" within the meaning of the Income Tax Law, it is within the class of incomes derived from sources wholly without the state, and therefore is not taxable under the law. The trial court properly set aside the action of the Milwaukee county income tax board of review by which relator was refused a deduction of the amount of $7,316.80, the sum he specified in his income tax return as an inheritance of real estate located in the state of Michigan.

*By the Court.*—The judgment appealed from is affirmed.