STATE EX REL. MARINER, Executor, Respondent, vs. HAMPEL, County Clerk, etc., Appellant.
STATE EX REL. VOGEL, Respondent, vs. SAME, Appellant.
STATE EX REL. SMITH, Respondent, vs. SAME, Appellant.
STATE EX REL. PFISTER, Respondent, vs. SAME, Appellant.

*June 1—June 23, 1920.*

*Taxation: Income of beneficiaries of trust: Income derived from property without the state.*

Where the property of a corporation consisting of mines and lands in Michigan was transferred to trustees resident of Wisconsin, each beneficiary being a stockholder of the corporation and having the same interest under the trust agreement as he had in the corporation, and the rents received by the trustees after payment of expenses being paid to the beneficiaries, the money so received was not taxable under sub. 3, sec. 1087m—2, and sub. 5, sec. 1087m—10, Stats. 1919.

APPEALS from judgments of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

The appeals are from judgments in *certiorari* actions entered on December 16, 1919, in the circuit court, reversing and setting aside a decision of the Wisconsin tax commission approving and affirming assessments made against the above-named petitioners on account of income received during the year 1917.

The petitioner in each of these actions is a beneficiary under a certain trust agreement. The sum of $70,000 was distributed in the year 1917 by the trustees to these beneficiaries, of which sum *John W. Mariner,* as executor of the estate of E. Mariner, deceased, received $17,500; Louise F. Vogel (the amount being assessed against her husband, *Fred Vogel, Jr.*) received $8,750; *Jesse Hoyt Smith* received $17,500; and *Charles F. Pfister* received $8,750. An assessment was made against each of these beneficiaries on account of the income received under the trust agreement. Objections to this assessment were filed before the income tax board of review of Milwaukee county, which objections were sustained. An appeal was taken by the assessor of incomes to the Wisconsin tax commission, which reversed the order and determination of the income tax board of review and reinstated the assessments made by the assessor of incomes. Actions were commenced by the petitioners in the circuit court for Milwaukee county to test the legality of such income assessments.

Upon trial of the case it appeared that the Pfister Land Company was incorporated in 1887 with a capital stock of $12,000. The stock of the company is still held by the same persons who organized it or by their heirs or legal representatives. The property of the corporation consisted of land and mines in the state of Michigan. On November 27, 1916, a trust agreement was entered into between the Pfister Land Company and *Charles F. Pfister, Jesse Hoyt Smith,* and *John W. Mariner,* as trustees, whereby the title to all of the lands owned by the Pfister Land Company located in the state of Michigan was transferred to the trustees, with practically the same powers with respect to the control and management of same as was theretofore vested in the Pfister Land Company. The beneficiaries under the trust are stockholders of the Land Company and each is given precisely the same interest under the trust agreement as he formerly owned in the Land Company.

The trust agreement sets forth the powers and duties of the trustees and the manner in which the business shall be conducted, and provides in addition:

"Except as above authorized to be expended, paid out or retained, all proceeds which shall come to the hands of the trustees from said property or from any use which shall be made thereof, or from any source whatsoever hereunder as received by the trustee, shall belong to and be the property of the beneficiaries hereunder, to be distributed and paid over to them in proportion to and in accordance with their respective interests as shown herein, or as same shall from time to time appear as hereinafter provided."

The circuit court reversed the determination of the tax commission and set aside the assessments made by the commission. These are appeals from such judgments.

For the appellant there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney; and the cause was argued orally by *Mr. Brossard.*

For the respondents there was a brief by *Fawsett & Smart* of Milwaukee, and oral argument by *Charles F. Fawsett.*

SIEBECKER, J.   The petitioners in each of these actions are the beneficiaries under the trust agreement referred to in the foregoing statement. As such beneficiaries they received from the trustees the total sum of $70,000 in the year 1917, this sum being the net proceeds which the trustees had received as rent from mines located in the state of Michigan. The trial court held that the amount so received by the petitioners under the trust agreement was income received by them from property located and business conducted without this state and therefore not subject to taxation under the state income tax law. It is the contention of the appellant that such income so received by petitioners was derived from business transacted within this state and subject to an in-

come tax.   The argument is made that the proceeds from the mines paid to the trustees belong to them as such and that the beneficiaries acquired no title thereto until the trustees had paid all charges and disbursements for which such funds were liable in carrying out the objects and purposes of the trust, and that this in effect made the trustees the recipients of such income derived from property and business transacted without the state within the rule declared in *State ex rel. Arpin v. Eberhardt,* 158 Wis. 20, 147 N. W. 1016, and therefore the beneficiaries under the trust agreement were not the recipients thereof as income from sources without the state within the contemplation of the income tax law.   The case of *State ex rel. Wis. T. Co. v. Widule,* 164 Wis. 56, 159 N. W. 630, is relied on as sustaining this contention.   The point decided in that case is that a resident trustee of the state to whom is paid an income taxable in this state is, within the contemplation of sub. 5, sec. 1087*m*—10, Stats., the recipient of such income under sub. 3, sec. 1087*m*—2.   The question there involved does not determine this case.   The provisions of sub. 5, sec. 1087*m*—10, make the fiduciaries specified therein the representatives of their beneficiaries for the purposes of income taxation, and their activities in Wisconsin in conducting the trust affairs concerning property and business located without the state cannot be held as operating to transform the business of such trustees to a business conducted within this state.   The fact that the income in question is derived from property located and business transacted without the state persists to the end, and under the trust agreement the proceeds thereof are so received by the beneficiaries under the income tax statute last above cited.   This statute differs materially in the treatment of incomes in the hands of fiduciaries from those dealing with *dividends* distributed by a corporation out of its earnings or profits and paid to its shareholders, as applied in *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509.

The decision in the *Van Dyke Case* is based on the ground that stock dividends were declared to be taxable income by the express terms of the statute. It is considered that the income paid the beneficiaries as the net proceeds of rentals of the Michigan mines under the trust agreement is received by them as income derived from sources without the state and is therefore not taxable under the state income tax law. Sub. 3, sec. 1087m—2.

*By the Court.*—The judgments appealed from are affirmed.