MILLER ET AL., EXECUTORS, v. MILWAUKEE.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN.

No. 73.    Argued December 13, 1926.—Decided January 3, 1927.

1. Conduct which in usual situations the law protects may become unlawful when part of a scheme to reach a prohibited result.  P. 715.
2. Where income from bonds of the United States which by Act of Congress is exempt from state taxation is reached purposely, in the case of corporation-owned bonds, by exempting the income there- from in the hands of the corporation, and taxing only so much of the stockholder's dividends as corresponds to the corporate income not assessed, the tax is invalid.  P. 714.

Reversed.

ERROR to a judgment of the District Court (January 9, 1925) in favor of Fred Miller and Elise K. John, as execu- tors of the will of Ernest G. Miller, in their suit against the City of Milwaukee to recover the amount of income taxes alleged to have been unconstitutionally collected under the laws of Wisconsin, from their testator.

*Mr. A. W. Schutz* for plaintiffs in error.

*Mr. Walter J. Mattison,* with whom *Mr. John M. Niven* was on the brief, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

This is a suit to recover the amount of taxes alleged to have been unconstitutionally exacted from the plaintiffs' testator. The facts are agreed and the only question is the validity of the tax under the Constitution of the United States. The testator held stock in Wisconsin corporations that owned United States bonds issued under the Acts of April 24, and September 24, 1917. The interest upon these bonds was credited by the corporations to their surplus, and subsequently was distributed to the stockholders in dividends of stock or cash. The corporations paid a tax upon their income, except, of course, upon that received from the bonds of the United States. But this exemption was met in the laws of Wisconsin by a provision that while the stockholders were not taxed upon dividends received from corporations the income of which was assessed, yet if only part of the income of the corporation was assessed, only a corresponding part of the dividends or income received therefrom should be deducted from the income taxed to the stockholders. The law also provides that taxable income shall include all dividends from the earnings of corporations, whether in cash or stock. The testator was taxed in accordance with the statute, against his protest that the attempt to make up from him what the State could not take from the corporations was forbidden by the Constitution and laws of the United States. The District Court ruled that the action could not be maintained and the case was brought directly to this Court.

There is no doubt that in general a corporation is a nonconductor that cuts off connection between dividends to its stockholders and the corporate funds from which the dividends are paid. *Des Moines National Bank* v. *Fairweather*, 263 U. S. 103. A system of taxation that applied to stockholders of all corporations equally might tax, we assume for purposes of argument, the stockhold-

ers of a corporation that had invested all its property in
United States bonds. But it would be a different matter
if the State selected such corporations, supposing a num-
ber of them to exist, and taxed their stockholders alone.
It is a familiar principle that conduct which in usual
situations the law protects may become unlawful when
part of a scheme to reach a prohibited result. If the
avowed purpose or self-evident operation of a statute is to
follow the bonds of the United States and to make up
for its inability to reach them directly by indirectly
achieving the same result, the statute must fail even if
but for its purpose or special operation it would be
perfectly good. Under the laws of Wisconsin the income
from the United States bonds may not be the only item
exempted from the income tax on corporations, but it
certainly is the most conspicuous instance of exemption
at the present time. A result intelligently foreseen and
offering the most obvious motive for an act that will
bring it about, fairly may be taken to have been a purpose
of the act. On that assumption the immunity of the
national bonds is too important to allow any narrowing
beyond what the Acts of Congress permit. We think it
would be going too far to say that they allow an inten-
tional interference that is only prevented from being di-
rect by the artificial distinction between a corporation and
its members. A tax very well may be upheld as against
any casual effect it may have upon the bonds of the
United States when passed with a different intent and
not aimed at them, but it becomes a more serious attack
upon their immunity when they are its obvious aim. In
such a case the Court must consider the public welfare
rather than the artifices contrived for private convenience
and must look at the facts. See *Home Insurance Co. of
New York* v. *New York,* 134 U. S. 594, 598; *Gillespie* v.
*Oklahoma,* 257 U. S. 501, 505; *United States Grain Cor-
poration* v. *Phillips,* 261 U. S. 106, 113.

*Judgment reversed.*

By agreement, the decision in this case controls the decision in No. 74, *Chas. A. Miller, et al.* v. *City of Milwaukee;* No. 75, *Emil P. Miller* v. *City of Milwaukee,* and No. 76, *Harry G. John* v. *City of Milwaukee.*

MR. JUSTICE BRANDEIS, concurring.

I agree that the judgment must be reversed; but on a different ground. It was stipulated before the state board which upheld the tax that it was levied upon " that portion of the mentioned dividends which were directly declared from interest accruing from United States Bonds issued under and by virtue of the Acts of Congress passed April 24th, 1917 and September 24th, 1917." A similar stipulation was entered into in the court below. Thus the dividends were earmarked as the direct proceeds of the interest on the war bonds. The later Act provided, in terms, the former in substance, that the bonds " shall be exempt both as to principal and interest from all taxation now or hereafter imposed by . . . any state . . . upon the income or profits of individuals, partnerships, associations or corporations." The provision creating the exemption was clearly within the power of Congress " to borrow money on the credit of the United States," Art. I, § 8, Par. 2, and was also within its war powers. As a matter of statutory construction, a dividend paid directly from the interest seems to me within the exemption expressly conferred. The tax levied was, therefore, void because it violated that exemption.

I do not think it can properly be said that the state statute discriminates against Government bonds. The statute makes no reference to them or to any particular class of securities. The tax imposed upon the stockholder results, not from discrimination practiced by a State against the Federal Government, but from the fact that the corporation happened to earn its dividend from securities on which, under the Wisconsin law, it was not required

to pay a tax.   Compare *State ex rel. Columbia Construction Co.* v. *Tax Commission,* 166 Wis. 369.   The operation and effect of the statute would be precisely the same if the dividend had been paid out of any other corporate income exempt from the state tax; from interest upon other tax exempt bonds, if any; or out of income from the part of a business carried on in another State, *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321; *State ex rel. Arpin* v. *Eberhardt,* 158 Wis. 20; *Van Dyke* v. *Milwaukee,* 159 Wis. 460, 466, or out of rentals or mine royalties received from land without the State, or out of profits received from the sale of property having a situs out of the State, Wisconsin Statutes, 71.02(3) (see *State ex rel. Mariner* v. *Hampel,* 172 Wis. 67); or out of dividends · received from banks, Wisconsin Statutes, 71.05(1)(e).

The purpose of the Legislature was solely to prevent double taxation by the State of Wisconsin, of the income received by individuals in the form of dividends.   The deduction allowed is limited to that necessary to prevent double taxation.   Under the Wisconsin law as originally enacted in 1911 the individual was allowed to deduct from the aggregate income on which the tax was payable all " dividends or incomes received . . . from stocks or interest in any corporation . . . , the income of which shall have been assessed under the provisions of this act."   The proviso here in question, namely: " that where only part of the income of any corporation . . . shall have been assessed under the act only a corresponding part of the dividend or income received therefrom shall be deducted," was added in 1913, four years before the United States entered the World War.   At that time there were substantially no Government bonds outstanding except those used by national banks as the basis for note issues.   And in view of the exemptions enumerated above, it can not well be said, even after the war, that the tax upon dividends paid out of interest on United

States bonds furnishes the most conspicuous instance of the operation of the section in question.

Moreover, under the Wisconsin law, the source out of which the dividend was declared is immaterial. The thing received as income is taxable to him who receives it although the fund or property out of which it was paid was exempt from taxation in the hands of the payor. "It is the relation that exists between the person sought to be taxed and the property claimed as income to him that determines whether there shall be a tax." *State ex rel. Sallie F. Moon Co.* v. *Wisconsin Tax Commission,* 166 Wis. 287, 290. Compare *Paine* v. *City of Oshkosh,* 190 Wis. 69.

MR. JUSTICE STONE concurs in this opinion.