ELLINGER, Appellant, vs. TAX COMMISSION and another,
Respondents.

*September 14—October 11, 1938.*

For the appellant there was a brief by *Clarence J. Bullock,* attorney, and *Dougherty, Arnold & Kivett* of counsel, and oral argument by *Mr. Michael H. Keelan* and *Mr. Bullock,* all of Milwaukee.

For the respondents there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, *Herbert J. Steffes,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant corporation counsel, attorneys, and *T. Carroll Sizer* of Madison of counsel, and oral argument by *Mr. Perry, Mr. Persons,* and *Mr. Sizer.*

WICKHEM, J.   The record discloses that the income upon which the additional assessments involved herein are based was received in 1930 and 1931 by the appellant, Flora H. Ellinger, in the form of dividends from a common-law trust known as Michigan Avenue Syndicate, in which the appellant was the owner of 58.334 per cent of the outstanding certificates of interest.   The trust was created by an agreement executed in 1914 to hold and rent certain real property located in Illinois, where all parties thereto resided and its business was transacted.   The trust income, out of which the dividends were paid to the appellant, was derived almost entirely from the rents paid to the trustees under a ninety-nine-year lease of its property.   The agreement, under which the trustees paid the dividends, provided that "said trustees may from time to time in their discretion, make division of the net proceeds arising from the trust estate, among the shareholders under this trust; . . ." that the trustees had the power "to declare and pay dividends from time to time and at such times as the trustees may deem fit and proper;" and that "all dividends declared and disbursements made at any time during the continuance of this trust, shall be made to the owner of the certificates issued hereunder, as shown by the records kept by said trustees."

The additional assessments were made by the Tax Commission on the theory that the payments thus received by the appellant under the trust agreement constituted dividends and taxable income as defined in sec. 71.02, Stats. In support of that theory the commission contends, (1) that, as the Michigan Avenue Syndicate is a common-law trust organized and conducted for profit, it is included under the term "corporations," as used in the Income Tax Act, by reason of the definition in sec. 71.02 (1), Stats., that "the word 'corporation' shall mean and include corporations, joint stock companies, associations or common-law trusts organized or conducted for profit, unless otherwise expressly stated;" (2) furthermore that, because that common-law trust was organized for the purpose of doing business under a declaration of trust under which certificates were issued to five or more persons or memberships, there is applicable the provision in sec. 226.14 (10), Stats., that "every such trust shall be subject to all provisions of law relating to the payment of taxes by general corporations, foreign or domestic, as the case may be;" and (3) that therefore the "dividends" paid to the appellant by the trustees must be included as taxable income under the definition in sub. (2) of sec. 71.02, Stats., that,—

"The term 'gross income,' as used in this act, shall include: . . . (b) All dividends derived from stocks . . . provided, that the term 'dividends' as used in this section shall be held to mean all dividends derived from stocks whether paid to its shareholders in cash or property of the corporation."

On the other hand, the appellant contends that the commission and the court erred, (1) in failing to find that the income in question, which appellant received, was rent from real property located in Illinois, and which therefore was not taxable here; (2) in finding that the Michigan Avenue

Syndicate, a trust which was not incorporated, was a corporation for the purpose of taxation, under secs. 226.14 (10) and 71.02 (1), Stats.; and (3) in classifying the income of the plaintiff as "dividends" contrary to the statutory definition thereof. In support of those contentions the appellant relies upon the decision in *State ex rel. Mariner v. Hampel,* 172 Wis. 67, 69, 178 N. W. 244 (decided in 1920), that income from real property located in Michigan collected and distributed in 1917 by trustees under a trust agreement providing that all proceeds therefrom "shall belong to and be the property of the beneficiaries hereunder," was not taxable under the Income Tax Act. However, as the income then under consideration was received in 1917, that decision is not in point because of the enactment in 1923 of sec. 226.14 (1) and (10), Stats., in relation to common-law trusts; and the amendment in 1927 of sec. 71.02 (1), Stats., by providing that "common-law trusts organized or conducted for profit" are to be included within the meaning of the word "corporations" as used in the Income Tax Act. In view of statutory changes made by those enactments, the commission's contentions and assessments must be sustained.

Under the agreement of July 1, 1914, the Michigan Avenue Syndicate is a common-law business trust organized and conducted for profit, and doing business under a declaration of trust pursuant to which certificates were issued to five or more persons or memberships. Consequently, that trust is included within the term "corporation" as defined in the provision in sec. 71.02 (1), Stats. (quoted above); and by virtue of the provision in sec. 226.14 (10), Stats. (quoted above), the trust is subject to all provisions of law relating to the payment of taxes by general corporations. Therefore, the dividends declared and paid to the appellant under the trust agreement were taxable gross income under the definitions in sec. 71.02 (1) and (2) (b), Stats. (quoted above).

Under the facts and the applicable statutes, the doctrine of corporate nonconductibility precludes inquiry as to the source of the income or fund out of which the dividend is declared by the corporation or trust. *Miller v. Milwaukee,* 272 U. S. 713, 47 Sup. Ct. 280, 71 L. Ed. 487. Instead, the dividends received by the appellant are conclusively presumed to be taxable income, and are not subject to analysis or elimination as to portions as to which the trust, if taxed, could claim an exemption. "It is the relation that exists between the person sought to be taxed and specific property claimed as income to him that determines whether there shall be a tax." *State ex rel. Sallie F. Moon Co. v. Tax Comm.* 166 Wis. 287, 290, 163 N. W. 639, 165 N. W. 470.

*By the Court.*—Judgment affirmed.