## SAVINGS LEAGUE OF WISCONSIN, LTD.,
Equitable Savings & Loan Association, Liberty
Savings & Loan Association, and Marathon
County Savings & Loan Association, Plaintiffs-
Appellants,

v.

## WISCONSIN DEPARTMENT OF REVENUE and
W. Michael Ley, as Secretary of Department
of Revenue, Defendants-Respondents.†

Court of Appeals

*No. 86–1825. Submitted on briefs October 5, 1987.—Decided
October 14, 1987.*

(Also reported in 416 N.W.2d 650.)

---

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be reported in a
later volume.

For the plaintiffs-appellants the cause was submitted on the briefs of *Robert A. Schnur, Ellen M. Pokrass* and *Timothy G. Schally,* and *Michael, Best & Friedrich,* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Edward S. Marion,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J. This appeal is from a summary judgment declaring constitutional sec. 71.01(2), Stats.,[1] which imposes on domestic corporations an annual franchise tax for the privilege of doing business in the state. The appellants are the Wisconsin League of Financial Institutions, Ltd., formerly the Savings League of Wisconsin, Ltd., on behalf of itself and all other corporations doing business in the state which are similarly situated, and three state savings and loan associations on their own behalf and on behalf of other savings and loan associations similarly situated.

The taxpayers claim that sec. 71.01(2), Stats., violates the supremacy clause, art. VI, cl. 2, of the federal constitution, the borrowing clause, art. 1, sec. 8, cl. 2, of the federal constitution, and 31 U.S.C. sec. 3124 (1982), to the extent that a tax is imposed on income earned on federal obligations. They also argue that if sec. 71.01(2) imposes what would otherwise be a valid corporate franchise tax, that the tax is nevertheless invalid because its principal purpose is to reach otherwise unreachable income earned on federal obligations. We conclude that sec. 71.01(2) does not violate the supremacy or borrowing clauses of the United States Constitution or 31 U.S.C. sec. 3124 and therefore affirm.

## I.
## BACKGROUND OF THE CASE

The facts are stipulated. The Wisconsin legislature first enacted a corporate income tax in 1911. Ch.

---

[1]References to the statutes are to the 1983–84 statutes unless otherwise noted. The trial court made no declaration as to the effect of the amendment to sec. 71.01(2), Stats., by sec. 1, 1985 Wis. Act 261 and that amendment is not before us.

658, Laws of 1911. Income earned on federal stocks and other obligations was excluded from the corporation's taxable income. In 1965 the title of ch. 71, Stats., was changed from "Tax on Incomes for State and Local Revenues" to "Income and Franchise Taxes for State and Local Revenues." Sec. 74ab, ch. 163, Laws of 1965. Section 71.01(1), Stats. (1963), which had imposed an income tax on all "persons" was amended to apply to natural persons, certain trusts, and "every corporation not subject to the franchise tax under sub. (2), which owns property within this state or whose business within this state during the taxable year consists exclusively of foreign commerce, interstate commerce, or both." Sec. 74ad, ch. 163, Laws of 1965.

Section 71.01(2), Stats. (1965), was created to read:

> For the privilege of exercising its franchise or doing business in this state in a corporate capacity every domestic or foreign corporation, except corporations specified in sub. (3), shall annually pay a franchise tax according to or measured by its entire net income of the preceding income year at the rates set forth in s. 71.09(2am). Every corporation organized under the laws of this state shall be deemed to be residing within this state for the purposes of this franchise tax. All provisions of chs. 71 and 73 relating to net income taxation of corporations shall apply to franchise taxes imposed under this subsection, unless the context requires otherwise. ...

Sec. 74af, ch. 163, Laws of 1965.

Since the effective date of this section the department of revenue in computing the net income subject to a corporate franchise tax under sec. 71.01(2), Stats., has included all income earned on stocks and obligations of the United States. The department, however,

excludes such income from the net taxable income of corporations not subject to the franchise tax. The department administers the laws imposing a franchise tax on corporations in a way almost identical to the way it administers the corporate income tax law. The department's instruction booklet for the 1965 corporate franchise or income tax return stated that the franchise tax differed from the corporate income tax only "in that it requires that income derived from obligations of the United States government and its instrumentalities be included in the determination of the entire net income."

## II.
## MAY SECTION 71.01(2), STATS., INCLUDE INCOME FROM FEDERAL OBLIGATIONS?

The taxpayers argue that the borrowing and supremacy clauses[2] of the United States Constitution prohibit taxes on the income derived from federal obligations as well as taxes on the obligations themselves. They claim that since sec. 71.01(2), Stats., imposes a tax on income earned by corporate taxpayers, the tax is unconstitutional to the extent that it is imposed on income earned on federal obligations.

---

[2]The borrowing clause, art. I, sec. 8, cl. 2, U.S. Const., provides: "The Congress shall have the power ... [t]o borrow money on the credit of the United States." The supremacy clause, art. VI, cl. 2, U.S. Const., provides:

> This constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding.

The taxpayers' arguments were answered contrary to their position in *Educational Films Corp. v. Ward*, 282 U.S. 379 (1931). The New York tax law levied an annual tax on every domestic corporation of certain classes "for the privilege of exercising its franchise in this state in a corporate or organized capacity." The tax was levied on so much of the corporation's net income for its preceding fiscal year as was allocated to its business carried on within the state. Net income included all dividends received on stocks and all interest received from federal, state, municipal or other bonds.

Educational Films challenged the tax assessed against it, insofar as the tax was measured by royalties received from the licensing of copyrights granted by the United States upon motion picture films. The court assumed for decisionmaking purposes that the tax was a tax on federal instrumentalities. *Educational Films*, 282 U.S. at 386.

Educational Films contended, as do the taxpayers here, that the so-called franchise tax was in reality a tax on income, and as such fell within the class of taxes which could not be directly imposed on federal instrumentalities. The Supreme Court responded to this argument as follows:

> But the nature of a tax must be determined by its operation rather than by particular descriptive language which may have been applied to it. As was said in Macallen Co. v. Massachusetts, "neither state courts nor legislatures, by giving the tax a particular name, or by using some form of words, can take away our duty to consider its nature and effect. ..." ...
>
> If we look to the operation of the present statute, it is plain that it can have no application

independent of the corporation's enjoyment of the privilege of exercising its franchise. If appellant had ceased to do business before November 1, 1929, it would not have been subject to any tax under this statute, although it had received, during its preceding fiscal year, income which the statute makes the measure of the tax. Since it can be levied only when the corporation both seeks or exercises the privilege of doing business in one year and has been in receipt of net income during its preceding fiscal year, the tax, whatever descriptive terms are properly applicable to it, obviously is not exclusively on income apart from the franchise.

*Educational Films,* 282 U.S. at 388 (citation omitted).[3]

The taxpayers argue that "if a tax looks like an income tax, sounds like an income tax and operates like an income tax, at some point it becomes an income tax and must stand or fall accordingly." They argue that point has been passed here. There is, however, a distinguishing feature between an income tax and a franchise tax which is present here and which the Supreme Court has said saves a true franchise tax from operating as an income tax. If a corporation is dissolved, has ceased operating or has withdrawn from Wisconsin during the tax year, it is not subject to the franchise tax, regardless of the

---

[3]We do not wish our reliance on *Educational Films* to be mistaken. We do not hold that it is the *sine qua non* of constitutionality that the corporation not be subject to the franchise tax if it ceases operating within the state during the tax year. However, that qualification exists as to the franchise tax imposed by sec. 71.01(2), Stats., and *Educational Films* establishes that such is sufficient to set a franchise tax apart from an income tax.

amount of income earned during the year.[4] However, an income tax imposes a tax on income earned in or attributable to Wisconsin business operations regardless of whether the corporation ceases doing business in the state during the tax year. An income tax is levied *on* the income earned by the corporation, while a valid, nondiscriminatory franchise tax is measured *by* the income of the corporation. The *Educational Films* court noted that other forms of excise tax have been upheld, although the statutory measure of the tax included securities constitutionally immune from any form of direct taxation. *Id.,* 282 U.S. at 390.

*Educational Films* answered the taxpayers' argument that a tax measured by income is only "formalistically" different from a tax levied on income as follows:

> It is said that there is no logical distinction between a tax laid on a proper object of taxation, measured by a subject-matter which is immune, and a tax of like amount imposed directly on the latter; but it may be said with greater force that there is a logical and practical distinction between a tax laid directly upon all of any class of government instrumentalities, which the Constitution impliedly forbids, and a tax such as the present which can in no case have any incidence, unless the taxpayer enjoys a privilege which is a proper object of taxation, and which would not be open to question if its amount were arrived at by any other non-discriminatory method.
>
> This court, in drawing the line which defines the limits of the powers and immunities of state

---

[4]Such a corporation files an income tax as its final return. Income from obligations of the United States and its instrumentalities is not subject to the corporate income tax.

and national governments, is not intent upon a mechanical application of the rule that government instrumentalities are immune from taxation, regardless of the consequences to the operations of government. The necessity for marking those boundaries grows out of our constitutional system, under which both the federal and the state governments exercise their authority over one people within the territorial limits of the same state. The purpose is the preservation to each government, within its own sphere, of the freedom to carry on those affairs committed to it by the Constitution, without undue interference by the other. [Citations omitted.]

Having in mind the end sought, we cannot say that the rule applied by this court for some seventy years, that a non-discriminatory tax upon corporate franchises is valid, notwithstanding the inclusion of tax exempt property or income in the measure of it, has failed of its purpose, or has worked so badly as to require a departure from it now; or that the present tax, viewed in the light of actualities, imposes any such real or direct burden on the federal government as to call for the application of a different rule.

*Id.,* 282 U.S. at 391–92.

■
The inclusion of tax-exempt income in the measure of a corporate franchise tax does not invalidate the tax. We therefore conclude that sec. 71.01(2), Stats., insofar as it imposes a franchise tax on corporations measured by income which includes earnings on federal obligations, does not violate the supremacy or borrowing clauses of the United States Constitution.

## III.

## IS SECTION 71.01(2), STATS., UNCONSTITUTIONAL IF IT WAS ENACTED TO REACH CORPORATE INCOME FROM FEDERAL OBLIGATIONS?

The taxpayers argue that even if sec. 71.01(2), Stats., imposes a true franchise tax, the tax is nonetheless invalid because the principal purpose of the statute is to reach and tax otherwise unreachable federal income. The taxpayers rely on *Miller v. Milwaukee,* 272 U.S. 713 (1927) and *Macallen Co. v. Massachusetts,* 279 U.S. 620 (1929). We cannot deny that there is language in these decisions to support the taxpayers' contention. However, we believe the holding of those cases has been so eroded by subsequent Supreme Court decisions that, insofar as they may be interpreted to invalidate otherwise non-discriminatory franchise taxes, they are no longer precedential.

The holdings of *Miller* and *Macallen* are summarized in the following statement of the *Macallen* court:

> On the one hand, the state is at liberty to tax a corporation with respect to the doing of its business. On the other hand, the state cannot tax the income of the corporation derived from non-taxable securities. It necessarily follows that the legislature may not, by an artful use of words, deprive this court of its authority to look beyond the words to the real legislative purpose. And the power and the duty of the court to do so is of great practical importance. For when the aim of the legislature is simply to tax the former, it is less likely to impose an injurious burden upon the latter than when the aim is directed primarily against the latter.

*Macallen,* 279 U.S. at 630.

In *Educational Films,* 282 U.S. at 392, the Court stated that *Macallen* was not a departure from the rule that a non-discriminatory tax upon corporate franchises is valid, notwithstanding the inclusion of tax exempt property or income in the measure of it. *Macallen* was said to rest on the distinguishing fact that the tax exempt securities were included in the franchise tax by an amendment specifically intended to reach the income from tax exempt bonds which had previously not been included in the measure of the tax. *Educational Films* at 392. This is precisely the distinguishing fact which the taxpayers claim is here present.

However, *Pacific Company v. Johnson,* 285 U.S. 480, 496 (1932), and *Tradesmens Nat. Bank v. Oklahoma Tax Com.,* 309 U.S. 560, 566–67 (1940), make clear that the test to be applied to a corporate franchise tax which is measured by income, including income which is immune from a direct tax, is that if the taxation act "operates to measure the tax on the corporate franchise by the entire net income of the corporation, without any discrimination between income which is exempt and that which is not, [then] there is no infringement of any constitutional immunity."

We conclude that the legislative purpose in enacting a taxing statute is irrelevant as long as the tax operates in a constitutional way. In *Pacific Company,* 285 U.S. at 495–96, the Court said:

> A taxing statute, like others, must be read as a whole, as it stands on the statute books at its applicable date, and the legislative purpose in enacting it must be taken, regardless of forms of words, to envisage the obvious consequences which flow from its operation. ... [T]he present act must

be judged by its operation rather than by the motives which inspired it.

In *Tradesmens Nat. Bank,* the Court made clear that *Miller* and *Macallen* were not to be read to require a contrary conclusion. The Court stated, "We do not now decide just what circumstances, *if any,* would bring a situation within the precise scope of the Macallen Co. Case, *assuming that case still has vitality." Tradesmens Nat. Bank,* 309 U.S. at 566 (emphasis added). Because sec. 71.01(2), Stats., meets the *Pacific Company-Tradesmens Nat. Bank* test, it is constitutional.

## IV.

## DOES 31 U.S.C. SEC. 3124 REQUIRE THAT INCOME EARNED ON FEDERAL OBLIGATIONS BE EXCLUDED FROM SEC. 71.01(2), STATS?

Section 31 U.S.C. sec. 3124 (1982) provides:

(a) Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except—
(1) a nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation; and
(2) an estate or inheritance tax.

This statute is a revision and recodification of former 31 U.S.C. sec. 742 (1976) which provided:

Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local

authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, except nondiscriminatory franchise or other nonproperty taxes in lieu thereof imposed on corporations and except estate or inheritance taxes.

■

The last sentence of this statute was added by a 1959 amendment. Pub. L. No. 86–346, sec. 105(a), 73 Stat. 621. The taxpayers contend that the amendment demonstrates congress's abandonment of formalistic distinctions between taxes. However that may be, the statute excepts from the exemption non-discriminatory franchise taxes imposed on corporations. Since we have concluded that sec. 71.01(2), Stats., imposes such a tax, it is excepted from the exemption extended by 31 U.S.C. sec. 3124 (1982).

*By the Court.*—Judgment affirmed.